ENGELHARDT et al. v. CITY OF BROOKLYN.

(City Court of Brooklyn, General Term. January 25, 1893.)

1. EMINENT DOMAIN—COMPENSATION—RIGHTS OF MORTGAGEE.
   Land was taken under a statute passed for the widening of North Second street, Brooklyn, (Laws 1871, c. 559,) and, before an award of damages was made therefor, the owner of such land mortgaged it. *Held,* that the mortgage amounted to an equitable assignment of the award, and that the mortgagee was entitled to an equitable lien on the damages awarded for the taking. 19 N. Y. Supp. 173, affirmed.

2. SAME—ACTION TO RECOVER AWARD.
   In an action against defendant city to recover the award by persons claiming through the mortgagee, it is no defense that such award was made to the original owner.

3. REVIEW ON APPEAL—FAILURE TO TAKE EXCEPTIONS.
   A finding of the trial court will not be reviewed where no exceptions were taken thereto, nor any notice of appeal therefrom given.

Appeal from special term.

Action by Philip Engelhardt and another against the city of Brooklyn to recover the amount of a certain award made on land taken for a public use by defendant, and for taxes paid on said land by plaintiffs. A judgment for the amount of the award was rendered in favor of plaintiffs, and defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Almet F. Jenks, for appellant.
M. C. Gross, for respondents.

OSBORNE, J.   On and prior to April 19, 1871, one Daniel Schaffer was the owner of certain premises on North Second street, in this city. On said date the legislature passed an act for the widening of North Second street.   Laws 1871, c. 559.   On January 2, 1874, said Schaffer mortgaged said premises to one Butler to secure the payment of $2,250, and in February, 1877, he again mortgaged said premises to one Phillips to secure the payment of $5,000.   By the report of the commissioners of estimate appointed under said act, which was not confirmed till November 9, 1876, said Schaffer was awarded the sum of $7,500 for his said property, the whole of which was taken for such widening; said property being designated in the commissioners' report by the number 39. After the confirmation of said report, no further proceedings were taken by the city or the property owners affected under said act, and their possession and enjoyment continued undisturbed.   In February, 1877, one Miller, the assignee of the Butler mortgage, foreclosed the same, making the holder of the Phillips mortgage a party to the proceedings, and on the sale under said foreclosure proceedings said Miller became the purchaser thereof.   The said premises afterwards, through several mesne conveyances, all containing full covenants of warranty, became the property of the plaintiffs, by deed dated March 15, 1884, and they have ever since continued in the possession and occupation thereof. They now bring this action to recover from the city the amount of said award, and also the taxes paid by them on said premises for the years 1884 to 1889, both inclusive.   Plaintiffs had judgment at special term for the amount of said award, but their claim for taxes was rejected. Defendant appeals from said judgment, substantially claiming that the premises in question were taken by virtue of said act, and an award was made therefor to Schaffer, the then owner, and that the right to said award did not pass by virtue of said foreclosure proceedings and the sale thereunder; and the subsequent conveyances of said premises, especially in the absence of any covenants in the deeds referring to said award and transferring the same, but that the right to said award at once accrued to the owner to whom it was made, and became his personal right or property.

We do not think that the contentions of the learned counsel for the city can be maintained.   While it is true that the land in question was taken by force of that statute, and that the effect of the statute was constructively to deprive Schaffer of his said premises, and commit the same to the city, still the burden was on the city to provide compensation for the land so taken.   McCormack v. City of Brooklyn, 108 N. Y. 49, 14 N. E. Rep. 808.   Both the city and the property owners seemed to have acquiesced in the years of delay that followed the confirmation of the report of the commissioners; they seemed to have tacitly consented that nothing further should be done. Under these circumstances, we think that, till such compensation was made, the owner had the right to mortgage or convey the land, and any such mortgage or conveyance would have the effect of an equitable assignment of the award.   When the compensation became payable it took the place of, and was in lieu of, the realty, and was, in contemplation of law, realty so far as the

rights of grantees, mortgagees, or other lienors were concerned.   As was said in Bank v. Roberts, 44 N. Y. 192: "The sum awarded should be considered as land."   To hold differently would seriously affect all landed security, because all real estate is subject to the right of eminent domain, and any mortgagee who advances money in good faith, on real estate as security, might otherwise be deprived of his security by the exercise of the right of eminent domain, and be left with a personal claim only against his mortgagor.   Whatever interest Schaffer had in the award subsequently made him, by reason of the taking of his property, passed under the mortgage, for by it he conveyed (subject to the covenant of defeasance) not alone the premises in question, but also all his "estate, right, title, interest, property, possession, claim, and demand whatsoever, as well in law as in equity."   It will not be denied that Schaffer had the right to assign his claim for the award thereafter made, and we think that it was his plain intent to convey it by his mortgage.   He raised money on his bond, giving this mortgage to secure its repayment, and we are not justified in assuming that when he executed this mortgage he merely intended to give to his creditor a nudum pactum, and to reserve to himself the award for the land that had been taken.   We think this mortgage by Schaffer was equivalent to an equitable assignment of the award, and by it the mortgagee obtained an equitable lien on the damages awarded for the taking.   Bank v. Roberts, supra; In re Eleventh Ave., 81 N. Y. 436; Utter v. Richmond, 112 N. Y. 610, 20 N. E. Rep. 554.   In this latter case the court says:

"No doctrine could be more clearly just than that, when land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it."

Accordingly, when the mortgage by Schaffer to Miller was foreclosed, the purchaser under the foreclosure obtained all the rights that Schaffer had at the time of making the mortgage, including an equitable lien on the award, and the same passed by the subsequent chain of conveyances to the plaintiffs.   Nor do we think that the mere fact that the award was made to Schaffer by the report of the commissioners is a bar to plaintiff's claim.   If the city had paid the amount of such award to Schaffer in good faith, it might perhaps have been protected, but no such case is presented for our consideration.   To hold that Schaffer or his assignee is entitled to the award in question, notwithstanding the mortgages he made on the property subsequent to the passage of the act, would be most inequitable.   He mortgaged the premises in question for the sum, in all, of $7,250, thus realizing nearly the full value thereof, and it would be unconscionable now to permit him or his assignee to come in and claim the award of $7,500, in addition, thus realizing the value of his property twice over.   The learned counsel for the respondents, in his points submitted on this appeal, contends that the learned trial judge erred in disallowing the claim of the plaintiffs for the taxes paid by them on the premises in question.   It is a sufficient answer to this claim that no exceptions were taken on behalf of the plaintiffs to the conclusions of the learned trial judge on that question.

nor is there any notice of appeal therefrom. But, even if the question were properly before us, we have no hesitation in saying that we should concur in his decision. Judgment affirmed, with costs.