### In re WEST 162d STREET, IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. EMINENT DOMAIN—APPEAL—SCOPE—ACQUISITION OF LAND FOR STREETS.

The board of estimate and apportionment of the city of New York declared that the public interests required the acquisition of lands for the widening of a street, and for the opening and extending of other streets, and requested the corporation counsel to take proceedings to acquire the lands. Separate proceedings as to each street were instituted. The report of the awards of the commissioners in a proceeding for the acquisition of land for the opening and extending of one of the streets was confirmed. *Held*, that the court on appeal could determine the question whether the awards could be confirmed before the assessments for benefits were made and before the court for confirmation, though similar reports in other proceedings had been confirmed, and though confirmation was not opposed below on that ground.

2. SAME.

Under Greater New York Charter, Laws 1901, pp. 407, 411–413, 415, c. 466, §§ 973, 980, 981, 985, as originally enacted or as amended by Laws 1906, pp. 1686, 1690–1694, c. 658, providing for the acquisition of lands for streets, etc., a separate and partial report of the awards of commissioners of estimate and assessment in proceedings for the acquisition of lands for a street may be confirmed before the local assessment is before the court for confirmation in a case where the board of estimate and apportionment, directing the acquisition of the lands, authorizes the commissioners of estimate and assessment to make separate or partial reports of the awards.

3. SAME.

The resolution of the board of estimate and apportionment of the city of New York authorized the making and filing of a preliminary abstract of the damages, but failed to authorize in express terms a separate report thereon. The action of the board was induced by petition of some of the persons whose lands were to be taken in the proceedings for the acquisition of lands for streets which expressly requested such course. *Held*, that the board not only intended a preliminary abstract of the awards, but also a separate report thereon for confirmation before the report of assessments.

4. SAME.

In proceedings for the acquisition of lands for streets, the resolution of the board of estimate and apportionment authorizing a preliminary abstract and report of the awards made by the commissioners of estimate and assessment must be adopted by a vote of the majority of all the members of the board, and the record should show such fact.

Scott and Ingraham, JJ., dissenting.

Appeal from Special Term.

In the matter of the application of the city of New York relative to the acquiring of title to lands required for the opening and extending of a street. From an order confirming the first partial and separate report of the commissioners of estimate and assessment, the city appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John P. Dunn (Thomas C. Blake, on the brief), for appellant.

Thomas F. Conway, for respondents, Brown and one, as executors, etc.

Joseph A. Flannery, for respondent, the Henry Morganthau Co.

Harry G. Smith, for respondent, Thorn.

LAUGHLIN, J. The question presented by this appeal is whether, where the board of estimate and apportionment authorizes the commissioners to make a separate or partial report of the awards, a report embracing all of the awards to be made may be confirmed before the local assessment to defray the portion of the expense to be raised in that manner has been made and presented for confirmation.

On the 22d day of December, 1905, the board of estimate and apportionment of the city of New York duly adopted a resolution declaring that the public interests required that certain lands and premises in the borough of Manhattan, New York, shown on a map adopted by said board on the 23d day of June, 1905, should be acquired for the widening of Riverside Drive on the easterly side from West 158th street to West 165th street, and for opening and extending West 160th, West 161st, and West 162d streets from Broadway to Riverside Drive, and West 163d street from Ft. Washington avenue to Riverside Drive, and requesting the corporation counsel to apply to the court for the appointment of commissioners of estimate and assessment, and to take the necessary proceedings to acquire the said lands and premises for said purposes, and providing that one-half of the cost and expense for acquiring the lands and premises for widening Riverside Drive should be borne and paid by the city, and that the remainder should be assessed upon the property deemed to be benefited by the improvement, and that the entire cost and expense of acquiring the other lands and premises should be assessed on the property deemed benefited by the improvement. On the 8th day of February, 1907, the board of estimate and apportionment adopted a resolution directing that title to the lands so required for opening and extending West 162d street should vest in the city on the 15th day of April, 1907, and preambles to this resolution showed that commissioners of estimate and assessment for acquiring said lands had been duly appointed, and had duly taken and filed their oaths of office. On the 28th day of June, 1907, the board of estimate and apportionment by similar action declared that title to the remaining lands and premises to be acquired pursuant to the original resolution of said board should vest in the city on the 10th day of July, 1907. Acting under said resolution of the board of estimate and apportionment adopted on the 22d day of December, 1905, the corporation counsel duly instituted a separate proceeding for acquiring lands necessary to widen Riverside Drive, and separate proceedings to acquire lands necessary for opening and extending each of the streets. This is one of such separate proceedings, and it relates to four parcels of land, constituting all of the lands, necessary to be acquired for so opening and extending West 162d street.

Prior to the amendment of section 980 of the Greater New York charter (Laws 1901, p. 411, c. 466), by section 8, c. 658, p. 1690, Laws 1906, which took effect on the 29th day of May, 1906, all of the commissioners appointed to ascertain the compensation to be made to owners for lands taken, constituting a board for assessing upon the property benefited that part of the cost and expense required to be so assessed; but by said amendment the assessment of benefits was thereafter required to be made by a commissioner to be designated in the order of the court as a commissioner of assessments, pursuant to the amendment of section 973 of the Greater New York charter made by section 3, c. 658, p. 1686, Laws 1906. The order appointing the commissioners in this proceeding was made on the 14th day of April, 1906, before said amendment took effect, and, in accordance with the provisions of the charter as they then existed, it designated the three commissioners as commissioners of estimate and assessment. On the 10th day of May, 1907, the commissioners filed in the bureau of street openings in the law department of the city, as required by section 981 of the charter, an abstract of the awards to be made for each of the four parcels of land, and on the next day gave due notice of the filing thereof and of the lands to be assessed, with notice that the assessments would appear in their "last partial and separate abstract of estimate and assessment," and would be contained in "their last partial and separate report," and that, in case no objections should be filed to said abstract, their first partial and separate report would be presented to the court for confirmation on the 9th day of July, 1907, but that, in case objections should be filed, then the motion to confirm the report would stand adjourned to a date to be thereafter specified in a notice to be given to all parties who had appeared in the proceeding and to be published in the "City Record" pursuant to the provisions of sections 981 and 984 of the charter. Thereafter, and on the 8th day of November, 1907, the commissioners filed their "First Partial and Separate Report," and gave due notice of a motion to confirm the same, returnable on the 14th day of November, 1907. On the return of the notice of motion, counsel for the respective parties in whose favor awards had been made favored the confirmation of the report, but counsel for the city opposed upon the ground that the commissioners had proceeded on an erroneous principle, and that the awards were excessive, and counsel for a certain property owner within in the proposed area of assessment opposed the confirmation of awards for three of the parcels. The report was confirmed. On this appeal the only point argued by counsel for the city is that the awards could not be confirmed until the assessments for benefits were made and before the court for confirmation at the same time. This point was not taken at Special Term; and it is conceded that in other proceedings authorized by the general resolution of the board of estimate and apportionment adopted on December 22, 1905, separate reports of entire awards have been confirmed before the assessments were presented for confirmation. We are informed that the point has been taken by parties interested in the assessments to be made, and for that reason it is now urged by counsel for the city, to the end that an authoritative decision may be had, and that the right of the city to impose the as-

sessments may not be jeopardized. The fact that similar reports have been confirmed in other proceedings is not significant, since the objection now raised was not then taken. Nor is it material that the city did not oppose confirmation at Special Term on this ground. The point presents a question of law, and depends upon the construction of various provisions of the charter bearing thereon, and of the proceedings of the board of estimate and apportionment purporting to authorize the commissioners to make a separate report.

Prior to the amendment to various sections of the charter, made by said chapter 658, p. 1684, Laws 1906, with certain exceptions to be presently noted, the commissioners were required to embody in one report their estimate of damages and the assessments (section 985 of the Greater New York charter). The exceptions were contained in the last two sentences of that section, which were as follows:

"Said commissioners of estimate and assessment may, when authorized by a majority vote of all of the members of the board of estimate and apportionment, make up and file a preliminary abstract of their estimate of damages, separate and apart from their estimate of assessments for benefit, embracing either the entire lands, tenements, hereditaments and premises to be acquired or successive sections or parcels thereof, and ascertain and estimate the compensation to be made thereon and make a separate report with reference thereto. Such separate and partial report shall be made in the same form and manner, and such proceedings shall be had in respect thereto, as in respect to the report of the commissioners relative to the entire lands taken and assessed as herein provided for, except that the final or last separate report shall contain the assessment for benefit."

We were informed by counsel for the city on the argument that the practice in the exceptional cases provided for by that part of the section herein quoted was to confirm a report of all of the awards separate and apart from a report of the assessments, or a partial report of part of the awards, other than a final partial report of awards; or, in other words, other than the last partial report of awards not previously confirmed, separate and apart from the report of assessments when that course was taken, but that, when all of the awards were not confirmed at the same time, the last report of the remaining awards contained the assessments as well. This appears to be a literal, as well as a proper, construction of these statutory provisions, and, if the proceedings of the commissioners with respect to the awards are not affected by said amendments to the charter, there could be little doubt but that the report was properly confirmed. By the amendments to the various sections of the charter by said chapter 658 of the Laws of 1906, changes in the statutory provisions with respect to the report of the commissioners were made. They relate to matters of procedure, and therefore, and on account of section 33 of the amendment, which provides as follows:

"The provisions of this title shall apply to all pending proceedings where the duties herein or heretofore imposed or act or acts heretofore required to be done, have not been performed"

—the learned counsel for the city contends that they apply to and govern pending proceedings, and this contention is likewise made by one of the counsel for respondents, and not controverted by counsel for the other respondents. It is to be borne in mind, as already ob-

served, that these amendments affected a change whereby the awards were made by the three commissioners as before, but the assessments were made by one only specially designated by the court for that purpose, and that in this proceeding the three commissioners, having been appointed before the amendment took effect, are serving in both capacities. No provision is made in the law for amending the order appointing the commissioners by designating one of them as a commissioner of assessments. It is therefore not entirely clear that the amendments which were designed to govern reports as to assessments made by one commissioner should be deemed applicable to pending proceedings wherein the commissioners had been appointed to act together in both capacities, and I doubt the correctness of the construction for which apparently all counsel contend. However, I am of opinion that, assuming that the amendments apply to this proceeding, the report was properly confirmed. For the purpose of carrying out the scheme by which three commissioners were to make awards and one only was to make the assessments, section 981 was amended so as to require separate reports of the awards and assessments. It therefore became necessary, in order to preserve the then existing practice of bringing the reports of the awards and assessments on for confirmation at the same time in ordinary cases as before, to insert an express provision; for, while this was formerly insured by the requirement that the awards and assessments should be combined in the same reports, it would have been left after the amendment without regulations had there not been an express provision inserted. To that end, a sentence was added to section 981, providing as follows:

"Except as herein otherwise provided, the report as to awards and the report as to assessments must be noticed for and brought on for confirmation at the same time and place."

At the same time section 985 was amended, with respect to exceptional cases in which awards and assessments need not be brought on for confirmation at the same time, by substituting in place of the last two sentences thereof, hereinbefore quoted, the following, to wit:

"Said commissioners of estimate may when authorized by a majority vote of all the members of the board of estimate and apportionment, make up and file a preliminary abstract of their estimate of damages, embracing either the entire lands, tenements, hereditaments and premises to be acquired or successive sections or parcels thereof, and ascertain and estimate the compensation to be made thereon and make a separate report with reference thereto. Such separate or partial report shall be made in the same form and manner, and such proceedings shall be had in respect thereto, as in respect to the report of commissioners relative to the entire lands to be taken as herein provided for, in such cases the final partial abstract and report as to awards and the final abstract and report as to assessments for benefit, shall be made up and filed and brought on for confirmation at the same time and place."

It will be observed that the changes in the last two sentences of the section as it previously existed made by this amendment were appropriate and necessary in view of the change made in the law by which separate reports of awards and assessments were to be made. That change necessitated the omission from the second last sentence of this section as it stood before the clause required at that time to authorize the commissioners to make a report of awards separate from

a report of assessments. The amendment relates to the commissioners of estimate who now make the awards only, and report thereon separately. With the exception of the formal amendments essential to carry out this idea, there is no material difference between the two former sentences and the three sentences substituted in place thereof. The last two sentences of the section before the amendment was authority for both a preliminary abstract and separate report of all or part only of the damages awarded, and since the amendment the three substituted sentences are authority for the same thing. The separate report of all awards meant, before the amendment, separate from the report of assessments, and the same language has been retained in the amendment, and means the same now, notwithstanding the fact that under the amendment the report, even of all of the awards and if made at the same time the report of assessments is presented, as is now required in all other cases by the final sentence of section 981, would necessarily be separate from the report of the assessments. If this be not so, then no force is given to that provision of section 985 as amended, which in express terms authorizes a separate report of all of the awards, and also by express terms authorizes the same proceedings to be taken on such report as if it had been presented as an entire report under the general rule prescribed in section 981 relative to a report of awards presented with the report of the assessments, which necessarily means that a motion for its confirmation may be made, and it may be confirmed without awaiting the presentation of the report of the assessments and motion to confirm the same. The effect of the amendment, as I construe it, is in this respect, the same as the law provided before the amendment, viz., that, if the report be of part only of the awards, the final or last report of the remaining awards must be presented for confirmation at the same time the report of the assessments is presented for confirmation.

The appellant also challenges the sufficiency of the resolution of the board of estimate and apportionment to authorize the commissioners to make and file a preliminary abstract of their estimate of damages and a separate report with reference thereto. The resolution expressly and clearly authorizes the making and filing of a preliminary abstract of the damages, but it fails to authorize in express terms a separate report thereon. The intention of the board to authorize both, however, is very plain. There would be no object in authorizing the one without authorizing the other. The action of the board was induced by a petition of some of the parties whose lands were to be taken, which expressly requested this course and assigned many plausible and apparently sufficient reasons therefor, which the engineer of the board, to whom the petition was referred for a recommendation thereon, deemed well founded, as is shown by his report in writing made on the advice of the bureau of street openings and presented to the board before the resolution was adopted. It was therefore clearly the intention of the board to authorize, not only the preliminary abstract of the awards, but also the separate report thereon for confirmation before the report of the assessments, and the resolution adopted by the board, construed in the light of the proceedings upon which the action of the board was taken, was sufficient to award both

the making of not only the preliminary abstract, but of the separate report of all of the awards as well, and, as has been seen, this course was authorized under the amendments to the charter to which reference has been made, as well as before the adoption of such amendments. It does not expressly appear on the record as presented to us, as it should, that the resolution of the board of estimate and apportionment authorizing a preliminary abstract and report of the awards was adopted by the vote of a majority of all of the members of the board, as required by the charter; but no question in that regard has been raised on the appeal, and we shall assume, therefore, that the resolution was adopted by the necessary vote taken by calling and recording the ayes and nayes, and that the record of the proceedings of the board of estimate and apportionment so shows.

It follows that the order should be affirmed, with $10 costs and disbursements to each respondent appearing separately on the appeal.

McLAUGHLIN and CLARKE, JJ., concur.

SCOTT, J. (dissenting). The city of New York appeals from an order confirming the separate report of the commissioners of estimate in the above-entitled proceedings. The ground of appeal is that there was not presented to the court for confirmation at the same time a report of the commissioner of assessments, and the consideration of the appeal involves the construction of the act (chapter 658, p. 1684, Laws 1906) amending title 4, c. 17, Greater New York Charter Revised (Laws 1901, p. 405, c. 466), relating to the opening of streets and parks. That act was passed on May 29, 1906, and its thirty-third section provides that its provisions "shall apply to all pending proceedings where the duty or duties herein or heretofore imposed, or act or acts heretofore required to be done have not been performed." The commissioners in this proceeding were appointed on April 14, 1906, and consequently all the proceedings after May 29, 1906, were regulated by the amendatory act above cited. An important feature of that act was the provision that in the case of commissioners thereafter appointed three commissioners should be appointed, of whom all three should act as commissioners of estimate to determine the damages to be paid for the property to be acquired or condemned, while only one of them, to be designated for that purpose in the order of appointment, should act as a commissioner of assessment, to distribute and assess the cost of the proceeding upon the property benefited thereby within the assessment area fixed as required by law. Theretofore all three commissioners had acted as commissioners both of estimate and assessment, and the above-described change in the system necessitated numerous changes in the sections of the charter relating to condemnation proceedings. Prior to the amendment it was the custom, and the statute contemplated, that ordinarily the commissioners should make but one report showing both their estimate of damage and the assessment for benefit. Under the amendment there must be two reports in each case showing the estimate of damage signed by all the commissioners or a majority of them, and one showing the assessment for benefit signed only by the commissioner of assessments.

Before the amendment the court of course had before it ordinarily both the awards and assessments for they were contained in a single report, and were confirmed together, and the amendatory act contains numerous provisions showing the intent to be that ordinarily the report as to awards and that as to assessments shall be presented for confirmation at the same time. The advantages of this procedure are obvious. It happens very frequently, perhaps in a majority of cases, that only a portion of an owner's land will be taken for an improvement with the result that, while he will be awarded damages for what is taken, an assessment for benefit will be laid upon his remaining land. If both reports as to awards and assessments are presented and confirmed at the same time, the owner can see at a glance what the net result in dollars and cents will be to him, and the city will be called upon to pay him only the difference, if it be in his favor, between the amount awarded him for damage and the amount assessed upon his remaining land for benefit, instead of paying at once the whole award for damage, and thereafter collecting back the assessment for benefit. Accordingly we find that the amendatory law provides in its ninth section, amending section 981 of the charter, that:

"The said commissioners of estimate and the commissioner of assessment shall deposit at the same time in the bureau of street openings in the law department their respective abstracts of their estimates of damages or assessment for benefit."

And, further, that:

"Except as herein otherwise provided, the report as to awards and the report as to assessments must be noticed for and brought on for confirmation at the same time and place."

Section 12 of the amendatory act, amending section 986 of the charter, provides that:

"The application for the confirmation of the reports of the commissioners of estimate, and of the commissioner of assessment shall be made to the Supreme Court, upon the same day at a term thereof," etc.

It is thus made quite clear that it was the intention of the Legislature that ordinarily the report of the commissioners of estimate and that of the commissioner of assessment should be considered, presented, and confirmed at the same times and places. It was evidently realized, however, that cases might arise in which it would be unreasonable and inexpedient to require that the report of the commissioners of estimate as to all the property to be acquired should await the report of the commissioner of assessment as to all the assessments to be levied, and section 985 of the charter was remodeled and amended to provide for such a case. That section, after providing with great particularity how the reports are to be made up, proceeds as follows:

"Said commissioners of estimate may when authorized by a majority vote of all the members of the board of estimate and assessment make up and file a preliminary abstract of their estimate of damages embracing either the entire lands, hereditaments and premises to be acquired, or successive sections or parcels thereof and ascertain and estimate the compensation to be made thereon and make a separate report with reference thereto. Such separate or partial report shall be made in the same form and manner, and such proceedings shall be had in respect thereto, as in respect to the report of the com-

missioners relative to the entire lands taken and herein provided for. In such cases the final partial abstract and report as to awards and the final abstract and report as to the assessments shall be made up and filed and brought on for confirmation at the same time and place."

Two things stand out clearly in this provision: First, that, with the consent of the board of estimate and apportionment, "separate or partial" reports as to awards for damages may be made and brought on for confirmation without the presentation at the same time of the report as to assessments; and, secondly, that some report as to awards is to brought on for confirmation at the same time that the report as to assessments is brought on. The real question involved in this appeal is what the Legislature meant by the words "separate and partial reports," and whether a report embracing all the lands taken and all the awards for damage can be considered a "separate and partial report," and brought on for confirmation, unaccompanied by a report as to assessments, as was done in this proceeding. The section contemplates two kinds of reports as to damage, one embracing all the lands, etc., to be·acquired, and the other successive sections or parcels thereof. The first report, that embracing all the property to be acquired, can in no proper sense be considered separate or partial. It is complete and entire, and comprises everything that the commissioners of estimate are authorized to deal with. The successive reports as to sections or parcels are both separate and partial, and, indeed, the statute in terms describes the reports to be made as to successive sections or parcels as a separate report. The natural meaning of the language used is to attribute the words "separate and partial reports" to the reports of successive sections or parcels, and this construction is confirmed when we find in the same sentence that such separate or partial reports are "to be made in the same form and manner, and such proceedings shall be had in respect thereto, as in respect to the report of the commissioners relative to the entire lands taken as herein provided for." This phraseology would scarcely have been used if the separate and partial report referred to had meant one itself relating to the entire lands to be taken. And, finally, the last sentence of the section clearly contemplates that some report as to awards shall accompany the report as to assessments; for it provides that the final abstract and report as to awards and the final abstract as to assessments shall be made up and filed ·and brought on for confirmation at the same time and place. If the report as to awards, as in the present case, embraces all the awards, it is the only one to be made, and is necessarily the final one. It is our duty to read the whole statute together, and to give effect, so far as possible, to every part of it. We find that its general scheme is as stated in section 981, as amended, that, "except as herein otherwise provided," the reports as to awards and the report as to assessments must be noticed and brought on for confirmation at the same time and place. We find it nowhere otherwise provided, except in section 985, as amended, and the only exception we find there is as to those cases in which, by authority of the board of estimate and apportionment, the commissioners of estimate make separate and partial reports embracing successive sections or parcels of the land to be taken. In these cases alone does

the statute contemplate that a report as to awards may be confirmed if unaccompanied by a report as to assessments, and even in those cases the final or last one of the successive reports must be accompanied by the report as to assessments. An attempted confirmation of a report as to awards embracing all the lands taken, unaccompanied by a report as to assessments, is without the jurisdiction of the court and a nullity, ineffective for any purpose. It follows that the order appealed from should be reversed, and the motion for confirmation denied, to be renewed when the report as to assessments is completed, and can be presented for confirmation at the same time and place as the report as to awards for damage.

INGRAHAM, J., concurs.