In re CARROLL ST. IN CITY OF NEW YORK.

Appeal of PFIZENMAYER.

(Supreme Court, Appellate Division, Second Department.    March 4, 1910.)

1. EMINENT DOMAIN (§ 237*)—REPORT OF COMMISSIONERS OF ESTIMATE AND ASSESSMENT—JUDICIAL REVIEW.

    Under Greater New York Charter (Laws 1901, c. 466) § 986, authorizing the court to confirm, in whole or in part, the report of the commissioners of estimate and assessment, or refer the same, or a part thereof, to the commissioners for correction, or to new commissioners to reconsider the subject-matter thereof, etc., the court may not direct a change in the report of the commissioners by changing an award to an individual, as made by the commissioners, so as to make the award payable to an unknown owner, and then confirm it.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 605–613; Dec. Dig. § 237.*]

2. EMINENT DOMAIN (§ 149*)—COMPENSATION—NOMINAL DAMAGES.

    One merely owning the fee of a private street, burdened with the right of ingress and egress over the land by abutting owners, is not substan-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tially damaged by the taking of the land for a public street, since, in the absence of evidence to the contrary, the land possessed as to him only nominal value.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 327–330; Dec. Dig. § 149.*]

3. EMINENT DOMAIN (§ 149*)—ACQUISITION OF LAND FOR STREETS—EASEMENTS.

An owner of land abutting on a private street, who possesses easement rights of travel therein, is entitled to substantial damages on the taking of the land for a public street.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 327–330; Dec. Dig. § 149.*]

Appeal from Special Term, Kings County.

Application by the City of New York to acquire land for the opening of Carroll street from Albany avenue to East New York avenue, in the Twenty-Fourth and Twenty-Ninth wards of the borough of Brooklyn. From an order of the Special Term, directing the clerk of the court to change an award to Melanie Pfizenmayer, made by the commissioners of estimate and assessment, so that the same should be payable to an unknown owner, Melanie Pfizenmayer appeals. Reversed, and proceedings remitted, with directions.

The property taken was embraced within a street which had been thrown open and used under the name of Carroll street, but which had not become a public street by dedication, or the acquisition of title by condemnation proceedings. Lots had been sold abutting upon this street, which gave to the owners, as against their grantors and predecessors in title, an easement for ingress and egress upon and over the land forming the street. In 1901 the appellant took title to lands on both sides of this street and abutting thereon. The description in such deed of the two parcels, title to which was later acquired by the Remsen Realty Company, commences in the south line of Carroll street, and runs thence easterly "along the southerly side of Carroll street," thus excluding the street. The description of the first parcel was followed by the words: "Also all the right, title, and interest of the party of the first part of, in, and to Carroll street and Utica avenue, lying in front of and adjoining said premises, to the center lines thereof, respectively." And immediately after the description of the second parcel was the following: "Also all the right, title, and interest of the party of the first part of, in, and to Carroll street, lying in front of and adjoining said premises, to the center line thereof." She subsequently conveyed these lots to one Breivogel, who conveyed them to the Remsen Realty Company, who claims to share in the award. In these last conveyances the land is limited by the street line, as in the conveyance to the appellant, and the grantors did not assume to convey any title to or interest in the street.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

George A. Voss, for appellant.

James F. Quigley, for respondent City of New York.

Robert H. Haskell, for respondent Remsen Realty Co.

RICH, J. The city does not appeal, and the only question presented is whether the court at Special Term had authority to alter and change the report of the commissioners. The charter of Greater New York (Laws 1901, c. 466, § 986) provides as follows:

"The said court shall by rule or order, after hearing any matter which may be alleged against the same, either confirm the said report in whole, or in part, or refer the same, or a part thereof, to the said commissioners for revisal and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

correction, or to new commissioners, to be appointed by the said court to re-consider the subject-matter thereof, and the said commissioners to whom the said report or part thereof shall be so referred shall return the same report or such part thereof, corrected and revised, or a new report to be made by them in the premises to the said court without unnecessary delay; and the same on being so returned shall be confirmed or again referred by the said court in manner aforesaid, as right and justice shall require, and so from time to time until a report shall be made or returned in the premises, which the said court shall wholly confirm."

The language of this charter section is clear, and it will be seen that no authority is given the court to change the decision and report of the commissioners. The power is limited by the procedure created by the Legislature to returning the report and award to the commissioners, or to new commissioners, for revision and correction. I think it was error, therefore, to direct the clerk to change the report in so material a matter, and, as so changed, to confirm it. It may be that, because the award is not challenged as to amount by either party, and no appeal is taken by the city, it is not a proper subject for our consideration, and that we cannot upon this appeal determine whether a case is presented in which substantial damages should have been awarded; but in view of the conclusion I have reached it is proper that I should state the conclusions of this court upon that subject.

Assuming that the appellant acquired title to the street by her deed, she was, after she conveyed to Breivogel, the owner of the naked fee only. She owns no property abutting on that portion of the street, and for that reason is not subject to assessments for benefits. Her fee was subject to the right of ingress and egress over the land in the street, and in view of these facts a case is not presented in which substantial damages should have been awarded her. The city took from her a naked, unproductive fee, incapable of pecuniary advantage, useless, bereft of enjoyment, and incapable of earning, and, in the absence of reliable evidence establishing the contrary, the land must as to her be held to have possessed nominal value only. The Remsen Company, because of its ownership of the abutting land, was assessed in a substantial sum for the improvement, although it really obtained no greater benefits after the street was made a public street than it possessed in the same land when it was a private street. We are unable to see how she was substantially damaged in taking the burdened fee, or why the Remsen Company should be inflicted with substantial damages for the transfer of its easement rights in the private street to the same rights in a public street. See In re City of New York, 196 N. Y. 236, 89 N. E. 829.

It appears that the claim of the Remsen Realty Company to share in the award to be made for the damages was presented to the commissioners, together with the title on which such claim was based, and should have been considered by them in determining who was entitled to the award. As was said by Judge Rapallo in Matter of Opening Eleventh Avenue, 81 N. Y. 436, 449, quoted approvingly by Judge Vann in Matter of the City of New York, supra:

"There would be manifest injustice in awarding the whole compensation to the owner of the fee, in view of the fact that such compensation is ultimately payable by the owners of the adjacent lots in the form of assessments, while

no part of these assessments is chargeable to the owners of the fee of the land taken. The adjacent owners would thus be compelled to pay full value for a right of way which they already possessed. * * * If the compensation paid to the owners of the fee had been merely nominal, it would have been equitable to adopt the same rule in respect to the owners of the easement."

The order must be reversed, without costs to either party in this court, and the proceeding is remitted to the Special Term, with leave to the city of New York, or any party, to move to set aside the award and assessment, if any, and for a rehearing before the commissioners, or others to be appointed in their stead. If such motion is not made, or if made and denied, application may be made by any party for a rehearing before the same or other commissioners to be appointed, to the end that further evidence may be presented of the title of the appellant to the land lying in Carroll street, and as to any easement of the Remsen Realty Company therein, the proportionate value of the respective interests, and as to the amount to be assessed upon the abutting owners to pay for the improvement.

Order reversed, without costs to either party in this court, and proceeding remitted to the Special Term for disposition in accordance with opinion by RICH, J. All concur.