In re OPENING OF CRESCENT STREET IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   December 30, 1910.)

Appeal from Special Term, Queens County.

Application of the City of New York, relative to acquiring title to a portion of Crescent Street.   Appeal by the United Boroughs Realty Company from an order refusing to modify the report of Commissioners of Estimate and Damages.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Louis Marshall (Samuel F. Jacobs, on the brief), for appellant.
George E. Blackwell, for respondent Hagemeyer.
Joel L. Squier and W. B. R. Faber, for City of New York.

PER CURIAM.   Order affirmed, with $10 costs and disbursements.

RICH, J. (dissenting).   I am unable to concur in the decision to be made in this case because I think that the application to correct and modify the report of commissioners of estimate and damages ought to have been granted.

The facts are undisputed.   Parcel No. 204 is the land included in Crescent street, and was a part of a considerable tract of land acquired prior to 1898 by Frank E. Hagemeyer; the deed describing the entire parcel by metes and bounds.   In the early part of 1898, Hagemeyer caused the tract to be surveyed and plotted into lots, with streets and avenues extending through it, upon which the lots fronted and abutted. Thereafter proceedings for the opening of Crescent street, one of the streets appearing on said map, were commenced by the city of New York, and on July 15, 1902, title to the land forming said street vested in said city under the provisions of its charter.   On March 12, 1906, Hagemeyer, by warranty deed, conveyed to one Tredwell all of the lots appearing on said map not theretofore sold, describing the same by their lot and block numbers, referring to said map, which was to be filed therewith, as showing their location.   On June 8th of the same year Tredwell conveyed the same property to the United Boroughs Realty Company; the description in the deeds being identical.   In each of the deeds the grantor conveyed all of his right, title, and interest "in and to all the streets and avenues lying in front of and adjoining the premises above described, together with the appurtenances and all the estate and rights of the party of the first part in and to said premises."   On January 13, 1910, the commissioners of estimate and assessment made their award, by which Hagemeyer was given damages for the land forming the bed of said Crescent street, amounting, with interest, to about $9,600, and assessed benefits against the premises fronting and abutting on said street, conveyed by Hagemeyer to Tredwell, and by the latter to the realty company, to the amount of $12,138.86.

The question presented is whether Hagemeyer conveyed his interest in any award which might thereafter be made in respect to the street opening.

After careful consideration of the facts, I am forced to the conclusion that the broad and comprehensive language of the deeds, consid-

ered in connection with the conditions existing when they were executed and delivered, establish an equitable assignment of the award to the grantees. Magee v. City of Brooklyn, 144 N. Y. 265, 39 N. E. 87; In re Hamilton Street, 127 N. Y. Supp. 36; Engelhardt v. City of Brooklyn, 3 Misc. Rep. 30, 21 N. Y. Supp. 777. The property had been purchased as farm property. The map had not been filed when Hagemeyer conveyed to Tredwell, and the streets had not been dedicated to public use. Hagemeyer had an interest in Crescent street when he executed the deed, which was either the fee, if the city abandoned its taking, or the award to be made, if the improvement was completed Under those conditions, he executed a full covenant warranty deed, conveying the appurtenances and all of his estate and rights in the property described, and to this added a further clause conveying all of his right, title, and interest in the streets and avenues upon which the lots conveyed were shown by the map to front or abut. Having conveyed the land with full covenants, it must be assumed that the grantor intended to transfer all of his interest in this street, including any award that might be made. Hagemeyer and his grantee, Tredwell, conveyed the premises, so far as appears, precisely as if the title to the land forming Crescent street had not theretofore been acquired by the city. Although the latter had not taken actual possession of the land, I think it is fairly inferable that the parties expected that possession would be taken in the future, and that Hagemeyer intended to vest his grantee with the claim against the city. The language used is not limited in meaning to the ownership of the land embraced in the streets, and is sufficient to include the grantor's "right" and "interest" in the award.

The equities are all in favor of the appellant. If Hagemeyer had remained the owner of the property, he would have been obliged to pay the benefits assessed against it, which would have been lessened by the amount of the award. The contention now advanced is that he is not only entitled to the full award, but that the appellant, owning the lots fronting on Crescent street, must pay it to him. Such an inequitable result as would have the effect of compelling a grantee to pay twice for the property conveyed to him has been pointed out and condemned by the courts in many familiar cases. Matter of Eleventh Avenue, 81 N. Y. 436; Matter of City of New York, 196 N. Y. 286, 89 N. E. 829; Matter of City of New York, 137 App. Div. 39, 121 N. Y. Supp. 435. The respondent relies largely upon Matter of Trinity Avenue, 116 App. Div. 252, 101 N. Y. Supp. 613, and Harris v. Kingston Realty Co., 116 App. Div. 704, 101 N. Y. Supp. 1104, to sustain his contention. Both of these cases are distinguishable from the case at bar. In the Trinity Avenue Case there was no conveyance of the grantor's rights and interests in the street upon which the lot abutted, and in the Harris Case, by the terms of the deed, that portion of the premises which had been taken by the city of New York for the purposes of the street for which the award was made was expressly excluded.

I must vote to reverse the order, with $10 costs and disbursements, and to remit the case to the Special Term for further proceedings.