(89 Misc. Rep. 559)

## MARSULLO v. ROSENDORF et al.

(Supreme Court, Special Term, New York County.  January, 1915.)

1. DESCENT AND DISTRIBUTION ☞157—CREDITORS OF HEIR—NATURE AND
   SCOPE OF REMEDY—ADEQUATE REMEDY AT LAW.
    Where the estate of the father of defendant judgment debtor was being
   administered, and the judgment creditor had an adequate remedy at law
   by execution against defendant's real estate, no fraudulent conveyances
   of debtor's property having been made, and there being no impediments to
   the sale of such property, an equitable action could not be maintained by
   the judgment creditor to subject to his claim defendant's share of the
   personal assets of his father's estate.
    [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig.
   §§ 530–532;  Dec. Dig. ☞157.]

2. CREDITORS' SUIT ☞8—NATURE AND SCOPE OF REMEDY—STATUTE.
    Under Code Civ. Proc. § 1873, regulating what property may be reached
   by a judgment creditor's action, such creditor cannot maintain the action
   to reach share of his judgment debtor in the personal estate of his
   father in course of administration.
    [Ed. Note.—For other cases, see Creditors' Suit, Cent. Dig. §§ 12–41;
   Dec. Dig. ☞8.]

Action by Dominick Marsullo against Hugo D. Rosendorf and others.  Complaint dismissed.

Saxe, Powell & Silver, of New York City (Martin Saxe, of New York City, of counsel), for plaintiff.

Max Altmayer, of New York City, for defendant Rosendorf.

GIEGERICH, J.  [1] I do not think the plaintiff has made out any case for equitable relief.  It appears that the judgment debtor is seized of individual shares in several parcels of real property.  It is not sought to set aside any fraudulent conveyances of this or any other property, nor to remove any impediments to the sale of the debtor's real property on execution, for there appear to be none such.  I cannot see any ground for the maintenance of an equitable action, the purpose of which is to procure satisfaction of the plaintiff's judgment from the personal assets of his father's estate, which is in course of administration, when the plaintiff apparently has an adequate remedy at law in an execution sale of the debtor's real property.  Until that remedy has been exhausted and shown to be insufficient, an action of this kind ought not to be maintainable.  See Heyl v. Taylor, 137 App. Div. 641, 122 N. Y. Supp. 279.

[2] It is not quite clear whether or not the plaintiff seeks to subject the debtor's interest in the real property formerly belonging to his father to the satisfaction of the judgment debt in this action. If so, the answer is that such property cannot be reached in the statutory action (Code of Civil Procedure, § 1873), and that there is no ground for the maintenance of any action with regard to it under the general equity jurisdiction of the court, because there is no obstacle to be removed before the plaintiff can sell such property under his judgment.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

I think the complaint should be dismissed, but without costs. The requests for findings of the respective parties have been passed upon as indicated on the margins. Submit for my signature upon two days' notice of presentation a complete copy of the decision, which shall embody, without change of language all findings made by me at the request of either party, and also an additional finding dismissing the complaint, without costs, with proof of service on the other side.