## SUPREME COURT.

In the matter of THE ALBANY NORTHERN RAIL ROAD COMPANY agt
JOHN CRAMER 2D.

The Rail Road act, passed April 2, 1850, does not give the court power to set
aside the report of commissioners of appraisement upon *motion*. And the
Court can exercise no powers except such as are given by the act. It is
only on *appeal* that the report can be reviewed, or set aside.

*It seems*, that the relation of cousin existing between the wife of one of the
commissioners, and a stockholder in the company, is not such an affinity
as to vitiate the report—no unfairness or injustice being complained of.

*Saratoga Special Term*, 1852. On the 11th of August last,
Libbeus Booth and others were in pursuance of the 15th section
of the act entitled " an act to authorize the formation of rail road
corporations and to regulate the same, passed 2d April 1850,"
and upon the petition of the company, appointed commissioners
by this court, to ascertain and appraise the compensation to be
made to the owners or persons interested in the real estate de-
scribed in the petition and proposed to be taken in the county
of Saratoga. The said commissioners on the 22d day of Sep-
tember last, ascertained and appraised the compensation to be
made to the above named John Cramer at six hundred dollars,
who now moves to set aside that report, on the ground that the
wife of the said Libbeus Booth, one of the commissioners, is a
cousin of James Edwards, who is a stockholder in said company.

*for Motion.*

*Opposed.*

CADY, Justice.—It appears on the part of the said John Cramer,
that neither he nor his counsel were aware of the affinity between
Mr. Booth and Mr. Edwards at the time Mr. Booth was ap-
pointed a commissioner. It is not suggested on the part of Mr.
Cramer that such affinity has operated prejudicially to him, and
it appears from the affidavit of Mr. Booth, that his affinity to
Mr. Edwards, and the fact that Mr. Edwards was a stockholder,
never occurred to him until it was suggested to him by one of

Albany Northern Rail Road Co. agt. Cramer.

Mr. Cramer's counsel, after the appraisal in his case was made. There is, therefore, no reason to believe that the affinity between Mr. Booth and Mr. Edwards, has in any way operated to the prejudice of Mr. Cramer. The only question therefore is whether the affinity between Mr. Booth and Mr. Edwards, a stockholder, has so vitiated the appraisement, that the law will not allow it to stand. In Eggleston vs. Smiley (17 *John.* 133), the justice and one of the jurors who tried the cause, were half uncles of the plaintiff's wife, and yet the Supreme Court affirmed the judgment in favor of the plaintiff.

In that case the court said, " there is nothing in the return that affords the least color for any pretence of unfairness or injustice in the proceedings before the justice." So in the case now under consideration, there is nothing in the report of the commissioners, or in the affidavits on the part of Mr. Cramer, " that affords the least color for any pretence of unfairness or injustice in the proceedings before the commissioners." In that case the court also said, " We think the objection to the justice is not well taken; to disqualify him from trying a cause the relation must be so near as to amount, of itself, to evidence of partiality and fraud." But there is another objection to the interference of the court in the manner asked for by Mr. Cramer. The court in performing the duties assigned to it, by the said act, can exercise no powers except such as are given by the act (20 *J. R.* 269; 2 *Hill*, 14). The act does not give the court power to set aside the report of commissioners upon motion. After the report is confirmed, in pursuance of the 17th section of the act, either party may, in pursuance of the 18th section appeal, and on the hearing of such appeal, the court may direct a new appraisal before the same or new commissioners, in its discretion. It is, I apprehend, only on appeal that the court has power to order a new appraisal, and appoint new commissioners; and for what cause the court will do this, must be determined on the appeal.

The motion is therefore denied, with ten dollars costs, to be paid by Mr. Cramer to the company.