In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Lands for the Purpose of Opening Decatur Street in the Borough of Brooklyn.

FRANK B. WALKER, Appellant; JOHN SCHAUF et al., Respondents.

**Streets — condemnation of fee of street — erroneous award.**

The city of New York instituted proceedings to acquire the fee to lands upon which a street had been laid out and used. The owner had conveyed various parcels on both sides of the street but retained title to the fee of the street. Commissioners awarded a substantial sum to unknown owners. The entire award is claimed by both the purchaser of the fee of the street and by the abutting owners. *Held*, that no party

is entitled to more than a nominal award and that so far as now appears none of the claimants are justly or equitably entitled to any part of the fund so awarded. Hence the proceeding is remitted to the Special Term. *Matter of City of New York (Decatur St.)*, 133 App. Div. 321, reversed.

(Argued October 6, 1909; decided November 9, 1909.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 18, 1909, which affirmed an order of Special Term setting aside the report of a referee appointed to determine to whom an award in condemnation proceedings should be paid.

The facts, so far as material, are stated in the opinion.

*John M. Perry* for appellant. The court below erred in holding as matter of law that the fee had only a nominal value. (*Osborne* v. *A. T. Co.*, 189 N. Y. 397; *Trowbridge* v. *Ehrlich*, 191 N. Y. 364; *Matter of Eleventh Ave.*, 81 N. Y. 436.) The court below erred in assuming to import an irrelevant equity in favor of the abutter. (Cooley on Taxn. [2d ed.] 606; 2 Desty on Taxn. 1237, 1238; 25 Am. & Eng. Ency. of Law, 496; *Matter of Meade*, 74 N. Y. 216; 1 Hare's Am. Const. Law, 310; *French* v. *B. A. Co.*, 181 U. S. 334; *Norwood* v. *Baker*, 172 U. S. 269.)

*James A. Sheehan* for John Schauf et al., respondents. The awards made in the report of the commissioners were intended for all parties interested. (*Matter of Eleventh Avenue*, 81 N. Y. 436; *Seton* v. *City of New York*, 130 App. Div. 148; *Matter of Newton*, 45 N. Y. S. R. 18; *Matter of William & Anthony Streets*, 19 Wend. 694; *Matter of Boston Road*, 27 Hun, 409.) The appellant has no interest in the awards directed to be paid to the respondents Schauf and Jung. (*Potter* v. *Boyce*, 73 App. Div. 383; *K. C. F. Ins. Co.* v. *Stevens*, 87 N. Y. 287; *Van Winkle* v. *Van Winkle*, 184 N. Y. 193.) The respondent Schmidt is entitled to be compensated for his private easements in Decatur street, acquired by the city. (*Matter of Eleventh Avenue*, 81 N. Y. 436; *Matter of City of New York*, 120 App. Div.

297; *De Peyster* v. *Mali*, 92 N. Y. 262.) The determination of the Special Term as to the distribution of the awards was equitable. (*Matter of Eleventh Avenue*, 81 N. Y. 436; *Mortimer* v. *M. E. R. R. Co.*, 22 J. & S. 322; *C., etc., R. R. Co.* v. *Cicero*, 157 Ill. 48; Sedgwick on Damages, ch. 2, p. 47; *Leeds* v. *M. G. L. Co.*, 90 N. Y. 26.)

*Merle I. St. John*, for Juliana Wenzler, respondent. The respondent as the owner of this abutting property at the time title vested in the city became entitled to all the award therefor, except a nominal award of one dollar for the naked fee. (*Matter of Mayor, etc.*, 2 Wend. 472; *Matter of Jerome Ave.*, 120 App. Div. 297; *Matter of Beverly Road*, 131 App. Div. 147; *Matter of Adams*, 141 N. Y. 297; *Village of Olean* v. *Steiner*, 135 N. Y. 341; *Matter of Eleventh Avenue*, 81 N. Y. 436; *Matter of Bd. of St. Opening*, 27 App. Div. 265; *Matter of Taber*, 91 App. Div. 612; *Matter of Austin Place*, 125 App. Div. 821.)

VANN, J. The courts below had much difficulty in dividing a substantial sum of money between parties, not one of whom was regarded as entitled to more than a nominal amount thereof. They found division difficult as there was no equitable principle upon which it could be founded. The leading facts out of which the controversy arose were found by the referee in substance as follows : Van Voorhis street, which was laid down on a map made about 1862, pursuant to chapter 296 of the Laws of 1852, is identical with Decatur street, the subject of this proceeding. One Ivins soon after the street was thus laid out acquired title to the fee thereof and of the property adjoining, and prior to his death in 1863 he caused a map to be made of the property on which Van Voorhis, now Decatur, street appeared as it had previously been laid out on the map of the commissioners. Mr. Ivins from time to time conveyed various parcels of land on both sides of the street, but so described it in the deeds as to retain title to the fee of the street.

In 1903 the city of New York instituted proceedings to acquire the fee of the land embraced in Decatur street and the commissioners awarded a substantial sum to unknown owners. The record does not contain the report of the commissioners, nor show for what interest or interests the award was made, except as it states that "the said awards in our report represent the full value of the parcels taken." The awards were confirmed without opposition. "The commissioners took testimony as to the value of the land so taken only and no testimony was introduced before them as to damage (if any) done to the easements as to the abutting owners on each side of Decatur street." The evidence taken by the commissioners tended to show that since 1884 Decatur street, although not graded or paved, was opened and used for travel, with water mains therein, a roadway for vehicles through the center, a row of trees on either side and a path between the trees and the fences bounding the property on both sides.

The appellant, who has acquired the rights of Ivins to the fee of the street, claims the entire award, which is also claimed by the abutting owners. The referee to whom the matter of division was referred, reported that the appellant was entitled to the whole amount, but both the Special Term and the Appellate Division were of a different opinion, and gave all to the abutting owners. The learned judge at Special Term said in his opinion: "Walker, a typical owner of the fee in the street, had and could have no benefit accruing from such ownership, for he owned no adjoining property that could be helped thereby, and the street itself in the very nature of the case could never produce any valuable thing. A naked unproductive fee, incapable of any pecuniary advantage, existed. Walker owned some barren interest — that was all. The city took from him this land, as to Walker useless, bereft of enjoyment and incapable of earning. In the absence of reliable evidence that it had value, every consideration shows that it had only nominal value. Hence, the owner of the fee should share nominally in the award. But

what was the value of the property interest taken from the abutting owners, and what did they receive in return? * * * The city took the servient estate and the easements, and *eo instanti* the street came into full legal life with all the pres-ent advantages and all expectable opportunities and facilities, and there accrued to the abutting owners servitudes in the street that in every regard and to full degree replaced what the city had taken. By operation of law the abutting owners had all or more than had been received by the grant. The subject of the easements, light, air and access, was not for an instant interrupted or impaired. What the city actually did was to change the legal status and relation of the abutting owners. What damage then did the abutting owners suffer? Clearly none. Hence, their participation in the award should be nominal. * * * It is most equitable that the abutting owners should have this award. It ought not to have been awarded to them * * * but the award exists although it ought not to exist. * * * I order it paid to them, not because the damage belongs to them, but because they must pay the same."

On the record as now presented to us, we agree with the learned Special Term that no party was entitled to more than a nominal award, but we do not agree with that court, or with the Appellate Division, in giving the entire fund to the abut-ting owners upon the ground that they were assessed to pay the damages for opening the street and thus created the fund which is the subject of division. The return does not show that the abutting owners were so assessed, but the Special Term assumed it and the learned judge who wrote for the Appellate Division went to the office containing the record and there learned it. The statute does not require it but authorizes the assessment to be spread over a large area and provides that a part may be imposed on the city. (Charter, as amended by L. 1906, ch. 658, § 980.) The Appellate Division was of the same opinion as the Special Term that each of the claimants "was entitled to only a nominal award and should have been given no more." One of the justices

dissented in an elaborate opinion and recommended a reversal
of the order with instructions to the court below to return
the report to the referee for a further hearing " as to the value
of such easements as related to the entire award."

Two cases are cited to show that substantial damages were
properly awarded. (*Matter of Opening Eleventh Avenue*,
81 N. Y. 436; *City of Buffalo* v. *Pratt*, 131 N. Y. 293.)
In both of these cases this court was hampered by a decision
below, not appealed from and, therefore, binding upon it,
that an award of nominal damages only was improper. It
also appeared in the later case that the owner of the fee of the
street owned adjoining property, which is not the fact here,
and it was held that such ownership gave him " the right to
defend against and to enjoin a use of, or an encroachment
upon the street, under legislative or municipal authority, for
purposes inconsistent with those uses to which streets should
be, or have been ordinarily subjected." Accordingly, it was
held that the owners " of the fee of the land in the street in
front of their premises " were entitled to " such substantial
damages as would be ascertained by measuring the effect upon
the value of their property of such a deprivation."

In the earlier case the court said (p. 448) : " The most plaus-
ible of the objections taken is that the award being intended
to compensate for the loss or damage sustained by the parties
interested in the land taken, the owners of the easement should
not participate, because they are not deprived of their easement,
but retain their right of way over the avenue in an improved
form. This argument, however, applies with equal force to
the owner of the fee. The land was, before the opening of
the avenue as a public highway, subjected to a perpetual ease-
ment, which deprived the owner of the beneficial enjoyment
of the land. There would be manifest injustice in awarding
the whole compensation to the owner of the fee, in view of
the fact that such compensation is ultimately payable by the
owners of the adjacent lots in the form of assessments, while
no part of these assessments is chargeable to the owners of the
fee of the land taken. The adjacent owners would thus be

compelled to pay full value for a right of way which they already possessed.   *   *   *   If the compensation paid to the owners of the fee had been merely nominal, it would have been equitable to adopt the same rule in respect to the own· ers of the easement.   *   *   *   The rule of apportionment adopted by him (the referee) viz., one-fourth to the owner of. the barren fee and three-fourths to the owners of the ease- ment or right of way, it is difficult for us to review.   It was adopted with reference to all the circumstances and equi- ties of the case, in the exercise of a sound judgment by a referee who evidently had a thorough comprehension of the case, and was eminently qualified to decide such a matter. With his determination we see no reason to interfere."

The embarrassment of the learned judge who wrote the opinion in that case is obvious, and the embarrassment of the judges who have written more than twenty printed pages of opinions in the case at bar is equally apparent.   We are unwilling to take part in the division of a fund to which none of the claimants are justly or equitably entitled, so far as now appears.   In order that complete justice may be done, we reverse the orders below, without costs to either party, and remit the proceeding to the Special Term with leave to any party or to the city of New York to move to set aside the award and assessment, if any, and for a rehearing before the commissioners, or others to be appointed in their stead.   If such motion is not made within thirty days, or if made is denied, application may be made by either party for a rehear- ing before the same or another referee, to the end that further evidence may be presented, especially as to the proportionate value of the respective interests and as to the amount, if any, assessed upon the abutting owners to pay for the improvement.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and HISCOCK, JJ., concur; CHASE, J., absent.

Orders reversed, etc.