In the Matter of the Application of LOUISA B. SCHNEIDER, Appellant, for Payment of an Award Made in Proceedings to Open East One Hundred and Fifty-seventh Street, in the City of New York.

DAVID PELTZ et al., Appellants and Respondents; THE CITY OF NEW YORK, Respondent.

*Matter of Schneider,* 136 App. Div. 444, reversed.
(Argued September 26, 1910; decided October 25, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 24, 1910, affirming in part and reversing in part an order of Special Term made in proceedings to distribute an award in condemnation proceedings instituted by the city of New York for street opening purposes.

*Merle I. St. John* for Louisa B. Schneider, appellant.

*Samuel I. Frankenstein* and *Harry G. Smith* for David Peltz et. al., appellants and respondents.

*Archibald R. Watson, Corporation Counsel* (*Joel J. Squier, Theodore Connoly* and *John J. Kearney* of counsel), for City of New York, respondent.

HISCOCK, J.    We have reached the conclusion that the determination of all the substantial questions involved on this appeal is controlled by our decision in *Matter of City of New York* (*Decatur Street*) (196 N. Y. 286), and that substantial damages were erroneously awarded in the condemnation proceedings when, as now appears, no claimant was entitled to more than nominal damages.    As was said by Judge VANN in the case cited: " We are unwilling to take part in the division of a fund to which none of the claimants are justly or equitably entitled, so far as now appears." (P. 292.)    While the substance of the relief granted by the Appellate Division is in accordance with our views, the mode of accomplishing the same does not seem to us to be quite right.    We think that relief should be sought in the first instance, at least, by an application in the condemnation proceedings to set aside the award and for reduction of assessments, rather than by proceeding in the matter now before us as proposed by the Appellate Division, and that the orders made in this proceeding should be reversed and the proceedings remitted to the Special Term in order to permit of such applications.

Therefore, the orders of the Appellate Division and Special Term should be reversed, without costs to either party, and this proceeding be remitted to the Special Term, with leave to any party or to the city of New York to move to set aside the award involved herein, and for such further relief in respect to modification of assessments based upon and including said award and repayment where said assessments have been paid as may seem proper, and for a rehearing before the commissioners or others to be appointed in their stead.    If such motion is not made within sixty days, or if made is denied, application may be made by either party for a rehearing in this proceeding before the same or another referee, to

the end that further evidence, if any, may be presented, especially as to the proportionate values of the respective interests, and as to the amount assessed to and paid by the abutting owners for the improvements.

CULLEN, Ch. J., HAIGHT, VANN, WERNER and CHASE, JJ., concur; WILLARD BARTLETT, J., absent.

Orders reversed, etc.