## In re TITUS STREET IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   October 11, 1912.)

1. EMINENT DOMAIN (§ 149*)—TAKING OF LAND FOR STREETS BURDENED BY EASEMENT OF WAY—COMPENSATION.

One owning land burdened with an easement of way in favor of the owners of other lots shown on a map filed by the proprietor of the tract which included the servient tenement, may only recover nominal damages for the taking of the land for a street.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 327–331, 401; Dec. Dig. § 149.*]

2. EMINENT DOMAIN (§ 85*)—TAKING OF LAND FOR STREETS—CONSEQUENTIAL DAMAGES.

Where land burdened with an easement of way in favor of third persons was taken for a street, the owner of the land taken and of abutting land was not entitled to consequential damages, in the absence of evidence of such damages, since the establishment of a street is a benefit for which an assessment may be imposed.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 221–226; Dec. Dig. § 85.*]

3. EMINENT DOMAIN (§ 237*)—ACQUISITION OF LAND FOR STREETS—CONFIRMING REPORT OF COMMISSIONERS OF ESTIMATE AND ASSESSMENT—MOTIONS TO VACATE—PARTIES ENTITLED TO MAKE.

The city of New York, in proceedings to condemn land for a street, may move to vacate the order confirming the report of the commissioners of estimate and assessment, and to appoint a referee to take proof of the ownership of an award made to an unknown owner, though the order confirming the report of the commissioners was made on the application of the corporation counsel, and though there has been great laches on the part of the city; but it may be that terms should be imposed on the city as a condition of granting the relief.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

Appeal from Special Term, Queens County.

Application of the City of New York for the opening of Titus Street in the First ward, borough of Queens. From an order denying a motion to vacate an order confirming the report of the commissioners of estimate and assessment, the City of New York and others appeal, and Theodore W. Stemmler appeals from so much of the order as overrules a preliminary objection made by him to the hearing of the motion. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Joel J. Squier, of New York City (Frederick W. Gahrmann and Wm. B. R. Faber, both of New York City, on the brief), for City of New York.

Philip B. La Roche, Jr., of New York City, for Andre, Seidel, and others.

Merle I. St. John, of New York City, for Stemmler.

Benjamin Trapnell, of New York City (Joseph A. Flannery, of New York City, on the brief), for Cabinet Land Co.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BURR, J.   This is an appeal by the city of New York and by certain property owners liable for assessment in proceedings to open Titus street in that part of the city of New York formerly known as Long Island City, from an order denying a motion to vacate the order confirming the report of the commissioners of estimate and assessment appointed in such proceeding, and also an order appointing a referee to take proof of the facts and circumstances relating to the ownership of an award made in such proceeding to the unknown owner of a lot shown on the damage map, known as lot No. 4.   Theodore W. Stemmler, one of the claimants to such award, also appeals from so much of said order as overrules a preliminary objection made by him to the 'hearing of the motion, upon the ground that notice had not been given to all of the parties who might be interested in the distribution of such award.

Although the appellant Stemmler opposed the granting of the motion, and the motion was denied, he seems to have been dissatisfied, because such denial was made upon the merits, rather than upon a technical point raised by him.   If the order was correctly made, his appeal presents no real grievance.   Inasmuch as we think that the order appealed from should be reversed, we may say that the preliminary objection made by him was not well taken.   The interest of the heirs of Babette Stemmler in said award is not so clearly made to appear that of its own motion the court feels called upon to require that they should be brought in.   The attorney who prosecutes this appeal does not assume to appear for such parties, and is not authorized to assert any rights in their behalf.

[1] Upon the record here presented it seems clear that the land included within the boundaries of lot No. 4 on the damage map, for which an award was made to unknown owners aggregating, for principal and interest, about $10,000, was burdened with easements in favor of the owners of other lots on a map filed in the office of the clerk of Queens county entitled "Map of the Trustees of the Long Island City Land Company."   Taylor v. Hopper, 62 N. Y. 649; Lord v. Atkins, 138 N. Y. 184, 33 N. E. 1035; Matter of City of New York (Edgewater Road), 138 App. Div. 203, 122 N. Y. Supp. 931, affirmed 199 N. Y. 560, 93 N. E. 1120.   It is not certain that the evidence would not justify a finding of dedication and acceptance.   Matter of Hunter, 163 N. Y. 542, 57 N. E. 735, 79 Am. St. Rep. 616; Matter of Mayor, etc., of New York (Walton Avenue), 131 App. Div. 696, 116 N. Y. Supp. 471.   Upon this record we conclude that the commissioners of estimate proceeded upon an erroneous theory in awarding the full value of the land, when the same was incumbered by these easements.   The award should have been nominal in amount.

[2] The respondent the Cabinet Land Company, as the successor to the original owner of the parcel in question, contends that, even although it might be entitled to nominal damages only for the land taken, as owner of the abutting land, it might be entitled to consequential damages, and that this very considerable award may be made up of both elements.   The evidence taken before the commissioners, and which is made a part of the motion papers, shows clearly that

such was not the case. In addition, it is rather a novel proposition that the owner of distinct parcels of land abutting upon a projected street suffers consequential damages as a result of opening the same. It has always been supposed that such improvement was in the nature of a benefit, for which an assessment might be legally imposed.

[3] There is authority for the granting of the application made by the city. Matter of City of New York (Decatur Street), 196 N. Y. 286, 89 N. E. 829, 37 L. R. A. (N. S.) 281; Matter of Schneider, 199 N. Y. 581, 92 N. E. 791; Matter of City of New York (Carroll Street), 137 App. Div. 39, 121 N. Y. Supp. 435; Matter of Opening Hamilton Street, 144 App. Div. 702, 129 N. Y. Supp. 317. It is true that the order confirming the report of the commissioners was made upon the application of the corporation counsel, but that also appeared in some of the cases above cited. It is true that there has been great laches in this case; even greater laches appeared in some of the other cases. In Matter of City of New York (Decatur Street), supra, the hearing before the referee to determine conflicting claims to the award had been completed and the referee had filed his report. Upon an appeal from the order directing the distribution of the award, the Court of Appeals refused to "take part in the division of a fund to which none of the claimants are justly or equitably entitled," and reversed the order and remitted the proceedings to the Special Term of the Supreme Court, in order to afford the city of New York or any party interested an opportunity to move to set aside the award and the assessment. If this may be done after the closing of the reference and in a contest over the confirmation of the referee's report, certainly it may be done while the reference is still pending.

The order should be reversed, with $10 costs and disbursements to each of the appellants, to be paid by the respondent, and the motion to vacate the order of reference and the order confirming the report of the commissioners should be granted, and a rehearing should be had before new commissioners, to be appointed by the Special Term of this court. It may be also that some terms should be imposed upon the city as a condition of granting the motion, which shall compensate the referee for his services and the parties for the additional labor involved by reason of the city's neglect. For the purpose of fixing such terms, if any, and the appointment of new commissioners, this proceeding is remitted to the Special Term of this court. All concur, except JENKS, P. J., not voting.