In re HARMON AND HIMROD STREETS IN CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County.   January, 1914.)

1. EMINENT DOMAIN (§ 237*)—ASSESSMENT BY COMMISSIONERS—MISTAKE—VACATION OF CONFIRMATION.

> Where it appears that, through a mistake, those upon whom the assessments for benefit are imposed are burdened with the payment of damages for a building which did not exist when title to damage parcels vested in the city, the Supreme Court may as to such parcels vacate the order confirming the report of the commissioners.

> [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613;  Dec. Dig. § 237.*]

2. EMINENT DOMAIN (§ 153*)—PROCEEDINGS—RIGHTS OF CLAIMANT.

> A claimant purchasing the property and acquiring whatever rights he claims to a damage award some months before the report of the commissioners was confirmed, and before it was signed, but subsequent to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

time when a building thereon was destroyed by fire, has no standing as a bona fide purchaser of the award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 407–416; Dec. Dig. § 153.*]

3. EMINENT DOMAIN (§ 237*)—CONFIRMATION OF AWARD—SETTING ASIDE OR-
DER.
· The award upon confirmation of the final report of the commissioners of estimate is not a vested right which cannot be destroyed by setting aside the order of confirmation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 604–613; Dec. Dig. § 237.*]

4. EMINENT DOMAIN (§ 237*)—CONFIRMATION OF AWARD—VACATION IN PART.
·The Supreme Court, having power to set aside an order confirming the final report of commissioners of award, may set aside as to certain damage parcels, and is not bound to set it aside in toto.

[Ed. Note.—For other cases, see Eminent Domain, ·Cent. Dig. §§ 604–
· 613; Dec.·Dig. § 237.*]

Application by the City of New York to vacate an order confirming the final report of the commissioners of estimate as to certain damage parcels and to have the matter sent back to the commissioners. Application granted, and report referred to the commissioners, with directions.

. Archibald R. Watson, Corp. Counsel, of New York City (Joel J. Squier and George E. Draper, both of New York City, of counsel), for the motion.

Halbert & Quist, of Brooklyn, opposed.

BENEDICT, J. This is an application by the city of New York to vacate the order entered in this proceeding on May 18, 1911, confirming the final ·report of the commissioners of estimate, in. so far as it confirms the award for damage parcels 31, 32, 33, and 34, and also an order entered August 25, 1913, directing the payment to Andrew Weissenberger of the award made for said damage parcels, which was originally made to William Sommer; and it is further sought to have the matter sent back to the commissioners, so far as said damage parcels are concerned, for a further report. The ground of the motion is that pending the proceedings and prior to the confirmation of the final report the building on said permises was destroyed by fire, and that the award as made included the damage resulting from the taking of part of such building.

The commissioners in this proceeding were appointed by an order entered January. 6, 1909. The damage map used by them showed a building, part of which stood on damage parcels Nos. 31 and 32, and it is apparent from the map that the taking of these parcels would result in a total destruction of the building. William Sommer, it is assumed, put in proof of title to damage parcels 31–34, inclusive; but it is not made to appear whether or not he put in proof of damage.

On July 25, 1910, the building on the premises which would have been damaged by the improvement was destroyed by fire. On or about December 21, 1910, William Sommer sold the premises of which the above-mentioned damage parcels formed a part to the present claim-

---

ant, Andrew Weissenberger, who opposes this motion, by a deed containing an assignment of the award in this proceeding for the taking of said damage parcels. This deed was recorded December 28, 1910. On or about March 27, 1911, the commissioners signed their final report dated that day, and on May 18, 1911, an order was entered confirming the report, and on that date title vested in the city. In or about April, 1913, Weissenberger applied to have the award for said damage parcels paid to him, and upon the report of a referee an order was made on August 18, 1913, directing it to be so paid.

It appears from the motion papers that a single award of $3,400 was made for the four damage parcels, and the commissioners did not indicate how much was for land taken and how much for the damage to the building. It appears, however, from the moving papers that in the directions given by the commissioners for making up their report they indicated that $1,900 was awarded for the damage to the building and $1,500 for the land.

[1] Thus it appears that through a mistake those upon whom the assessments for benefit are imposed are burdened with the payment of $1,900 for damage to a building which did not exist when title vested in the city. It is obvious therefore that the order confirming the report, so far as it confirms the award for the damage parcels in question, ought to be vacated, if the court has power to do so. And I think under recent decisions the court has that power. In Matter of City of New York (Decatur St.) 196 N. Y. 286, 89 N. E. 829, 37 L. R. A. (N. S.) 281, the Court of Appeals had before it on appeal a dispute as to the ownership of an award made to an unknown owner by the report of the commissioners, which had been duly confirmed without opposition. It appeared that the award should have been a nominal award instead of a substantial award. The Court of Appeals reversed the orders of the courts below, which directed the distribution of the award, and remitted the proceeding to the Special Term, "with leave to any party or to the city of New York to move to set aside the award and assessment, if any, and for a rehearing before the commissioners, or others to be appointed in their stead." This is a clear intimation, to say the least, that in the opinion of the Court of Appeals the Supreme Court at Special Term has power to grant such an application as is made in the case at bar. In Matter of City of New York (Titus Street), 152 App. Div. 752, 137 N. Y. Supp. 817, the Appellate Division in this department reversed an order denying a motion to vacate the order confirming the final report of the commissioners and also an order of reference in a subsidiary proceeding to obtain payment of an award made to unknown owners, and granted the motion, on the ground the award should have been nominal and not substantial.

These cases furnish sufficient authority in support of the power of the court to grant the present motion. They must be deemed to have overruled several earlier cases which seem to support a contrary doctrine. See Matter of Albany Northern R. R. Co. v. Cramer, 7 How. Prac. 164; Morning Side Park Case, 10 Abb. Prac. (N. S.) 338; Visscher v. Hudson River R. Co., 15 Barb. 37; Matter of Elmwood Ave., 10 N. Y. St. Rep. 272.

It may, however, be worth while briefly to answer the objections interposed by the claimant to the granting of this motion, other than the objection that the court is without power under the statute to grant it, which has already been answered.

[2] 1. The claimant has no standing as a bona fide purchaser of the award—even if the bona fide purchaser rule applies to a property right of the kind in question—for the claimant purchased the property and acquired whatever rights he claims to the award some months before the report of the commissioners was confirmed, and even before it was signed; but subsequent to the time when the building was destroyed by fire.

[3] 2. It is also objected that the award upon confirmation became a vested right, which cannot be destoyed by setting aside the order of confirmation. The Decatur Street Case and the Titus Street Case, above cited, fully answer this objection; for in each of those cases the right of the court to set aside an order of confirmation, where it appears that a mistake has been made, was expressly recognized, and in the latter case the court made an order directing that to be done. The only possible distinction between those cases and the case at bar is that in each of those cases the award was made to an "Unknown Owner," while in the case at bar it was made to an individual by name—not to the person who was the owner at the time the final report was signed or at the time it was confirmed, but to his predecessor in the title. In my opinion, however, an award made to an unknown owner is as much a vested right in the person who actually owns the property as is an award made to a known owner; and, if this view is right, there is no distinction between the cases cited and the case before me.

Cases such as People ex rel. Gaslight Co. v. Common Council of Syracuse, 78 N. Y. 56, where the condemnor seeks arbitrarily to discontinue the proceeding after the awards have become finally fixed, would seem to have no application to the present case.

[4] 3. Finally it is objected that, if the order of confirmation is set aside at all, it must be set aside in toto, and cannot be set aside as to certain parcels. That objection would seem to be supported by a decision of the Buffalo Superior Court (Matter of Elmwood Ave., supra); but that case, so far as the question now under consideration is concerned, proceeded upon a misapplication of the decision of the Court of Appeals in Matter of Flushing Ave., 101 N. Y. 678, 5 N. E. 561, where it was held that an order appointing commissioners of estimate could not be set aside as to some of the parties interested and left to stand as to others. But an order confirming awards for a number of separate parcels is a very different matter. The valuation of each parcel or group of parcels is virtually a distinct proceeding, and as a result it not infrequently happens that a commissioners' report will be confirmed as to some awards and sent back for rehearing as to others. In the case at bar the report can be sent back to the same commissioners or to new commissioners for a reconsideration of the award for damage parcels Nos. 31–34, without in any way affecting the other awards.

An order may therefore be presented vacating the order confirming the report of the commissioners, in so far as it confirms the award of $3,400 for the said damage parcels, and also vacating the order directing payment of such award to Andrew Weissenberger, and providing that the report as to said damage parcels be referred to the same commissioners with directions to reconsider their award with respect to said parcels, with authority to take such additional proof as may be offered by either party, and directing them to make a supplemental report as to said parcels stating how much they allow for land, and how much, if anything, for any building thereon affected by the improvement, upon condition that the city of New York pay $10 costs of this motion, and also the reasonable expenses of the claimant in producing proof of damage before the commissioners, to be taxed by a justice of this court, the same to be charged against any reduction in the award, and the amount of such reduction, after deducting such costs and expenses, to be distributed pro rata among those assessed for benefit, either by crediting the amounts on the assessments if unpaid, or by repayment if the assessments have been paid.

Motion granted to the extent above indicated.   Settle order on notice.