In the Matter of the Application of THE CITY OF NEW YORK Relative to Acquiring Title to Real Property Required for Opening and Extending Harrison Avenue in the Borough of The Bronx.

FULTON DEVELOPMENT CORPORATION, Appellant; SIDNOR REALTY CO., INC., Respondent.

(Argued February 26, 1935; decided April 16, 1935.)

68

*Merle I. St. John* for appellant.

*Paul Windels, Corporation Counsel (Anson Getman, Joseph F. Mulqueen, Jr.,* and *Reuben Levy* of counsel), for The City of New York, *amicus curiæ.*

*Harry H. Chambers, Harry B. Chambers* and *Thomas K. Mahlon* for respondents.

HUBBS, J. The appellant, the owner of land assessed for benefit in a condemnation proceeding, brought this proceeding to have the award for the damage parcel in question reduced.

The proceeding involves the bed of Harrison avenue between West One Hundred and Seventy-sixth street and West Tremont avenue in the city of New York. Three separate awards have been made. For the easterly half of the street, known as damage parcel No. 2, an award of one dollar has been made to the unknown owners. For the southerly portion of the westerly half of the street, known as damage parcel No. 1, which adjoins school

property, owned by the city, an award of $15,525 was made to the city. For the northerly portion of the westerly half of the street, known as damage parcel No. 3, an award of $7,608 was made to the unknown owners. After the awards, assessments for benefit were levied as follows: Against the property of appellant, which lies on the easterly side of Harrison avenue adjoining damage parcel No. 2, $14,093.28, and against the property of respondent, which lies on the westerly side of Harrison avenue adjoining damage parcel No. 3, $3,263.45.

The respondent, claiming to be the owner of the award covering damage parcel No. 3 through an assignment which will be hereinafter more particularly referred to, obtained an order in a proceeding to which appellant was not a party directing payment thereof to respondent.

Thereafter, this proceeding was instituted, its purpose being to have the award for damage to damage parcel No. 3 reduced. The city and the respondent were both made parties. The motion was denied and the order was affirmed by the Appellate Division, which granted permission to appeal to this court upon certified questions.

The several parcels of land herein referred to are all parts of a tract acquired by Arabella D. Huntington between October, 1907, and January, 1923. Before the latter date, Harrison avenue was not improved. It was, however, laid out on the map of the city of New York, No. 1192, filed on July 27, 1907.

Prior to March 10, 1924, she conveyed to the city the land adjoining on the west that portion of Harrison avenue known as damage parcel No. 1. The land so conveyed extended northerly from West One Hundred and Seventy-sixth street toward West Tremont street for a distance of 295.48 feet. Upon the plot the city erected a school building with a playground fronting on Harrison avenue. Along the westerly side of Harrison avenue it built a fence, outside of which it constructed a sidewalk and curb.

On June 15, 1925, the executors of Arabella D. Huntington entered into a contract with Benann Holding Corporation to convey to it the land on the westerly side of Harrison avenue, extending northerly from the school property to West Tremont avenue and westerly to Macombs road, being the land now owned by respondent. The land so contracted to be sold adjoins that part of Harrison avenue known as damage parcel No. 3 on the west. That contract was not recorded. The land to be conveyed as described in the contract included the interest of the grantors in land thus described: " easterly by the westerly side of Harrison Avenue adjoining said premises above described to the center line of said Harrison Avenue; be all the above described distances more or less."

By deed dated July 25, 1925, the land so contracted to be sold to Benann Holding Corporation was conveyed by the executors of Huntington to Markap Holding Corporation, the assignee of the contract by a deed which described the land as bounded on the east by Harrison avenue and which did not purport to convey any right, title or interest in Harrison avenue.

Thereafter, through mesne conveyances, the land described in the Markap deed became vested in respondent. Each deed in the chain of title was preceded by a contract which contained a clause in substantially the following form: " This sale covers all right, title and interest of the seller of, in and to any land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining said premises, to the center line thereof, and all right, title and interest of the seller in and to any award made or to be made in lieu thereof, and in any award for damage to said premises by reason of change of grade of any street; and the seller will execute and deliver to the purchaser, on closing of title, or thereafter, on demand, all proper instruments for the conveyance of such title and the assignment and collection of any such award."

In no case was this clause carried over from contract to deed. The land conveyed by each deed is a parcel bounded on the east by Harrison avenue. Respondent bases its claim to the award covering damage parcel No. 3 upon an assignment of the award given by the executors of Huntington, record owners of the fee, subsequent to the decree of damage and benefit.

By deed also dated July 25, 1925, Markap Holding Corporation acquired from the executors of Huntington, the land on the easterly side of Harrison avenue between West One Hundred and Seventy-sixth street and West Tremont avenue. This parcel was described as bounded on the west by Harrison avenue. Through mesne conveyances appellant acquired title to the last-mentioned parcel which adjoins damage parcel No. 2 on the east.

Thus, of the two parcels conveyed to Markap Holding Corporation on July 25, 1925, title to the one on the easterly side of Harrison avenue vested in the appellant on July 1, 1926, and title to the one on the westerly side vested in respondent on April 2, 1928.

The first step in the proceedings to condemn the land in Harrison avenue was taken on January 9, 1925, before either appellant or respondent acquired its title. The Rule map was completed on February 17, 1926, and approved by the Board on January 6, 1927. On April 4, 1927, the order to condemn was entered and the city acquired its title on May 2, 1928.

In the meantime and on February 24 and 25, 1926, appellant filed plans for two brick tenement buildings to be erected on its land on the easterly side of Harrison avenue. The buildings had their entrances and many windows fronting on Harrison avenue. They were completed in 1927, a walk was constructed along Harrison avenue and the easterly half of the street, damage parcel No. 2, was improved.

Two years after plans were filed by appellant for the buildings on the easterly side of the street, respondent

filed plans for a tenement building on its land on the westerly side of Harrison avenue adjoining damage parcel No. 3. This building was erected in 1928 and had its main entrance, entrances to three stores and many windows fronting on Harrison avenue. Respondent also built a sidewalk and improved the portion of the street, damage parcel No. 3 adjoining its land on the east.

The respondent, basing its claim to the award for damage parcel No. 3 upon the provision for street rights in the original contract between the executors of Huntington and Benann Holding Corporation, the assignment thereof to the Markap Holding Corporation and the intermediate contracts from the various grantors down to and including that from its immediate grantor, each of which intermediate contracts provided for an assignment of any award covering damage parcel No. 3, procured from the Huntington executors the assignment of the award for damage parcel No. 3 above referred to. It claims that the executors of Huntington, when they deeded to Markap Holding Corporation the parcel on the easterly side of the street, now owned by appellant, were already under contract to convey to Benann Holding Corporation not only the parcel on the westerly side of the street which respondent now owns, but as well the fee of damage parcel No. 3, and that by the assignment of the Benann Corporation contract to Markap Holding Corporation, Markap succeeded to all the contract rights not covered by the deed from the executors to Markap Holding Corporation, and that those rights are now vested in it.

The appellant contends that when the Markap Holding Corporation accepted deeds to the two parcels on either side of the street, with the street as the boundary as to each parcel, it acquired street easements in Harrison avenue, and that appellant, as successor in title of Markap Holding Corporation, is now entitled to easements of light, air and access over all of Harrison avenue including

damage parcel No. 3 which adjoins respondent's land and as to which damage parcel a substantial award has been made and directed to be paid to respondent.

The primary question is whether easements of light, air and access exist over damage parcel No. 3 in favor of the respondent, as owner of the property adjoining damage parcel No. 3 on the west, or the appellant as the owner of the property adjoining Harrison avenue on the east.

Prior to the acquisition of title by Arabella D. Huntington, Harrison avenue was designated on the city map. Thereafter, in contracting with reference to land along that street, all parties were chargeable with notice of such designation, and when the original common grantors contracted to convey the land on the westerly side, describing it as bounded on Harrison avenue and in addition their " right, title and interest * * * in and to " that part of Harrison avenue which is now damage parcel No. 3, they impliedly recognized the existence of street rights to some extent, at least. Despite the existence of such contract, Markap Holding Corporation accepted a deed of the land on the westerly side of the street which did not purport to convey street rights, but expressly bounded the property by the street, and at the same time accepted a deed of land on the easterly side in which that parcel likewise was bounded by the street. While, subsequently, Markap did acquire an assignment of the original contract and there were subsequent contracts which provided for conveyance of a right, title and interest in so much of the street as now constitutes damage parcel No. 3, or an assignment of such award as might be paid therefor, each said contract recognized the existence of Harrison avenue, and in no case did any grantor attempt, as to the land on either side, to deed more than the land as bounded by the street. There must be taken into account also the acts of the parties in erecting buildings with windows and entrances fronting on the street, in building sidewalks and in improving the land for highway

purposes. None of these acts are consistent with any construction other than that it was understood by the owners of the land on either side that their grants included easements of light, air and access in Harrison avenue. The representatives of the Huntington estate never parted with the record title to damage parcel No. 3 and if that parcel was incumbered with easements in favor of the land now owned by respondent, then an award for more than a nominal sum to the owners of damage parcel No. 3 is erroneous. The fact that respondent holds an assignment of the award from the Huntington estate does not enhance the value of the land itself or relieve the land from the obligation of the easements. The original contract contemplated the existence of Harrison avenue as a public thoroughfare, and the Benann Holding Company, in accepting a contract defining the easterly bounds of its main grant as Harrison avenue and purporting to cover only the " right, title and interest " of the grantors in what is now damage parcel No. 3, recognized the existence of outstanding easements in that parcel. Markap, in accepting its deed to respondent's land with Harrison avenue as its easterly boundary and without reference to rights in damage parcel No. 3, still further recognized that its only right in damage parcel No. 3 was a right to easements of light, air and access as appurtenant to the estate granted.

Likewise, Markap, in accepting a deed to the land on the easterly side which described the land conveyed as bounded on the west by Harrison avenue, recognized the existence of that street and may be presumed to have purchased upon the understanding that its grant impliedly covered easements of light, air and access in the street itself.

That portion of Harrison avenue constituting damage parcel No. 3 was open and afforded unrestricted light and air and afforded convenient access to any land in favor of which an easement for access existed.

To hold that damage parcel No. 2, embracing the easterly half of the street, is incumbered with easements only in favor of appellant's property and has only a nominal value and that damage parcel No. 3 is unencumbered with easements in favor of respondent's property and has substantial value, would give to the original unrecorded contract as between the executors of Huntington and the Benann Holding Corporation an effect which we believe unwarranted. In view of the fact that Harrison avenue had long been laid out as a street on the city map and in view of the deed, given in fulfillment of the contract, from which deed all reference to rights in the street was omitted, the subsequent retention of record title by the original grantors without the exercise of domain over the land not conveyed and the absence of the exercise of such domain on the part of all subsequent owners of adjoining land except to fit it for street use, we believe establishes the true intent of the parties to have been to subject the land in the bed of Harrison avenue to easements in favor of adjoining land and to contract to convey and acquire only such right, title and interest therein as was consistent with such use. Thus we arrive at the conclusion that damage parcel No. 3 is subject to easements of light, air and access in favor of appellant's land. That being true, the award, in excess of a nominal amount, is improper and when compared with the nominal award for damage parcel No. 2, is inequitable.

Easements exist in favor of appellant's land over the full width of Harrison avenue, although that land is bounded on the north and south by public streets.

Easements may be created in city streets despite the existence of other access. (*Matter of Adams*, 141 N. Y. 297; *Matter of Schneider*, 136 App. Div. 444; 199 N. Y. 581.)

They may be created in streets not yet opened where designated on a city map. (*Matter of Lewis Street*, 2 Wend. 472; *Matter of Adams, supra.*)

And such easements may extend " to the full extent of its dimensions." (*Matter of Lewis Street, supra,* p. 476.)

The intent of the parties in bounding land upon the highway is the element which, in the light of all the circumstances, must be held to govern. (*Matter of City of New York* [*Northern Blvd.*], 258 N. Y. 136.)

The decision in *Matter of City of New York* (*West 229th St.*) (259 N. Y. 647) has not changed such general rule of law.

Since the respondent never acquired the fee to damage parcel No. 3, and since that parcel must be held, in the light of all the circumstances, to be subject to easements of light, air and access, an award for more than nominal damages must, under the principle discussed in *Matter of City of New York* (*Northern Blvd.*) (*supra*), be held to be excessive.

The error in awarding substantial damages for damage parcel No. 3 amounts to an error of law which this court may review. (*Matter of City of New York* [*Fourth Ave.*], 255 N. Y. 25.)

The appellant is a proper moving party herein as the award which puts upon damage parcel No. 3 a value in excess of its value as incumbered with easements constitutes damage to appellant, the owner of a parcel which has been incumbered with an assessment for benefit increased in amount by reason of such excess award.

Appellant was not a party to the proceeding in which the award was made. It was not a necessary party because not the record owner of any of the property condemned. Its liability as owner of land assessed for benefit was not fixed until confirmation of the award. As an owner of land assessed for benefit, it has a right to have the award distributed in accordance with the interests of the parties entitled thereto and the court has power to make all necessary orders to protect its rights under the Condemnation Law. (Condemnation Law, § 26; Cons. Laws, ch. 73.)

This court, in *Matter of City of New York* (*Decatur St.*) (196 N. Y. 286), refused to take part in the distribution to abutting owners of a fund which none of the claimants were entitled to because of the fact that a substantial award had been made for property subject to an easement. It did, however, vacate the award.

No question of laches is presented. This court has not infrequently entertained proceedings to correct an erroneous award long after the making of the award. (*Matter of Schneider*, 199 N. Y. 581; *Matter of City of New York* [*Decatur St.*], *supra.*)

The orders should be reversed, with costs, and the matter remitted to the Special Term to proceed in accordance with this opinion.

The first, second and fourth questions certified should be answered in the negative and the third question in the affirmative. We have indicated that we believe, under the facts in this case, the appellant was within its rights in instituting this proceeding and that it was not chargeable with laches, and we deem it unnecessary to more specifically answer the fifth and sixth questions.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Ordered accordingly.