Bernard Ryan, P. J.
By virtue of the deed dated August 14, 1940, and thereafter duly recorded, claimant became the owner in fee of certain tracts and parcels of land situate in the Town of Mamakating, County of Sullivan. She developed the tract into a colony of small houses and bungalows used principally for Summer occupancy, although some were substantially built for year-round use. Certain rights of way giving access to the public highway were granted to Alice Barrett by the deed by which she took title. She conferred these and other rights of way for the purpose of ingress and egress only to her grantees. At no time was there a dedication of any right of way to the public use.
In reconstructing the State highway, the Department of Public Works so altered the terrain that access to the inland plots by the pre-existing rights of way was made physically impossible. The Department of Public Works appropriated four small parcels of land totaling 0.697 acres. Each parcel appropriated was described within the boundaries of a right of way.
Invoking the rule expounded in Matter of City of New York (Decatur St.) (196 N. Y. 286 [1909]) and in a later case, Matter *978 of City of New York (Thirty-First [Patterson] Ave.) (152 Misc. 849 [1934]) the Attorney-General asserts that the claimant can recover only nominal damages for the four parcels taken from her. The two cases cited are inapplicable. The situation in each of them involved a dedicated public street, the ownership whereof had merely been transferred from the original developer to the municipality. In this case the claimant merely gave rights of ingress and egress. She retained the fee of the land. She is therefore entitled to recover the value of the parcels taken from her.
The only testimony of values presented upon the trial was that of a real estate expert whose opinion was that the four parcels were worth the sum of $5,000. In this figure he included $1,600 as the reproduction cost of the well, the pump, the pump house and the appurtenant electrical equipment of all of which the State possessed itself.
Granting that the loss of the well and its appurtenances should be considered in evaluating claimant’s damages, it should not be valued as a separate item but considered as affecting the value of the land. (2 Lewis, Eminant Domain [3d ed.], § 724, p. 1268.) Frequently, in this court, appraisal witnesses do what the claimant’s expert did in this case, viz., make a separate allowance for such items as wells, fencing, concrete paving, signs, apple trees, and so forth. Occasionally in our findings we have made separate awards for the dollar value of such items. A recent decision in the Appellate Division, Supreme Court, Second Department, Matter of City of New York (Newoak Realty Co.) (13 A D 2d 668) calls attention to the proper rule as expressed by Lewis.