■ In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Required for the Opening and Extending of 122nd Street, in the Borough of Queens. JACOB SHARNACK et al., Appellants.— In a proceeding to condemn certain real property in the Borough of Queens for street purposes, the claimants, who are the owners of two damaged parcels (Nos. 4 and 5) forming part of the bed of one of the proposed public streets, appeal, as limited by their brief, from so much of a final decree of the Supreme Court, Queens County, entered November 27, 1963, upon the decisions of the court after a nonjury trial, as made a nominal award of $206 for both parcels, such award being based on the nominal valuation of $1 per running foot which was made on the theory that the parcels are burdened with private easements of access. Decree, insofar as appealed from, reversed on the law and the facts, with costs, and an award of $14,350 is made to claimants for each of the damage parcels 4 and 5. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The award for the parcels should be on a full fee basis. They were not burdened with any easement. The fact that the proposed street and avenue were laid out in a city topographical map, in itself, is without significance (*Matter of City of New York* [*Wood*], 200 N. Y. 536, 542, 543; *Matter of Opening Hamilton St.*, 144 App. Div. 702, 705, 706). As proved by the testimony of a city witness, who is one of the city's engineers, it is common for mapped lines of proposed streets to be withdrawn. Whether reference in a deed description to such a proposed street as a boundary was meant merely to aid the description or to afford an easement to the grantee as an abutter, is a matter of intention to be determined by the language used and the attendant circumstances (*Matter of City of New York* [*Harrison Ave.*], 267 N. Y. 64, 77). Claimants became outright owners of a large tract, inclusive of the damage parcels. In the subsequent deeds conveying land abutting the damage parcels, it was made as clear as language could accomplish that reference to the streets laid out on the topographical map was for the purpose of description only, and that the grantees shall have no easements at all in the proposed street in which the damage parcels are contained. Moreover, the grantors provided another and different strip over their land to afford an easement of access. Under such circumstances, no easement could accrue to the subsequent grantees of abutting property (*Matter of City of New York* [*Van Alst Ave.*], 143 App. Div. 564, affd. 203 N. Y. 570). Nor was there any proof of adverse possession or of use which would serve to create an easement over these damage parcels. The photographs (Exhibits 8 and 9) of these parcels show that they consist of brush upon otherwise barren land. The fact that one of claimants' abutting grantees constructed a building upon his parcel, which had an entrance facing the proposed street, is meaningless insofar as the question of easements over

damage parcels 4 and 5 is concerned. Such grantee was afforded temporary permission to cross these damage parcels, over which the claimants had constructed a gate. And such permission signified no more than would the permission of any neighbor to another to enable the other to cross the property of the one giving the permission. These two adjacent damage parcels (4 and 5) together constitute an unrestricted area of 70 x 205 feet. The written appraisal of claimants' expert, supported by a written list of sales in the area, is the only substantial proof of value. Such appraisal fixed a value of $2 a square foot, or $14,350 for each parcel, provided that it be without the burden of the alleged easement. In its brief the city does not challenge or dispute the propriety of such appraisal. Indeed, the only question raised on this appeal is with respect to the valid existence of such easement. Hence, under the circumstances, there is no need for a new trial and a final award may now properly be made. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.