*In re* BOARD OF STREET OPENING.

*In re* LEXINGTON AVE.

(*Supreme Court, General Term, First Department.*   October 16, 1891.)

1. MUNICIPAL CORPORATIONS—OPENING STREET—INTEREST OF OBJECTING OWNERS.

Laws N. Y. 1882, c. 410, § 990, (N. Y. City Consolidation Act,) provides that, where persons representing a majority in amount of assessments and awards in a street-opening proceeding shall object to further proceedings on the report of the commissioners of estimate and assessment, the proceedings for opening the street shall be discontinued. *Held* that, in estimating such "majority in amount," assessments against and awards to an objector whose property affected thereby is mortgaged must, to the extent of the mortgage debt, be omitted.

2. SAME—EVIDENCE OF OWNERSHIP.

In making such estimate, an award to an alleged property owner, who offered no evidence of ownership of any of the property affected other than his oral statement that certain of such property belonged to him, must be rejected.

3. SAME—SALE BEFORE CONFIRMATION OF REPORT.

An award to a person who sold his property so affected, before the hearing of the application for confirmation of the report of the commissioners, must also be rejected in making such estimate.

4. SAME—OBJECTIONS TO REPORT OF REFEREE.

Where a referee, in a proceeding for opening a street, is directed to take proof as to the title of persons objecting to the opening, and report his opinion thereon, his report may be objected to, though the party objecting filed no exceptions to the report.

Appeal from special term, New York county.

Application by the board of street opening and improvement of New York city, on behalf of the mayor, etc., for the opening of Lexington avenue from 97th street to 102d street, in that city. From an order denying a motion to discontinue the proceedings, the New York Elevated Railroad Company appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*James A. Deering,* for appellant.   *Wm. H. Clark,* Corp. Counsel, (*Carrol Berry,* of counsel,) for respondents.

BARTLETT, J.   Section 990 of the New York city consolidation act,[1] which is taken in part from chapter 209 of the Laws of 1839, provides that, upon the coming in of the report of commissioners of estimate and assessment in street-opening proceedings, and upon the hearing of the application for the confirmation thereof, "if persons who appear by the said report to be interested, either by assessment for benefit or award for damages, to the amount of a majority in amount of the whole assessments and awards, shall appear and object to further proceedings upon the said report, the court shall order the same to be discontinued, and the same shall thenceforth be discontinued." The court below held that no persons were entitled to object under this provision except such as were named as persons assessed or benefited in the report of the commissioners; and that, where awards had been made to unknown owners, no objection was available on behalf of persons who might come before the special term, and establish their ownership when the report came up for confirmation.   We are referred to an opinion of Mr. Justice ROOSEVELT delivered at special term in this city in 1853, in *Re Widening and Extending Canal & Walker Sts.*,[2] which indicates that a different view of the act of 1839 was entertained by that learned judge; for he speaks of having already decided "that owners whose names do not appear on the report, but the amount of whose awards or assessments, as 'unknown awards,' do appear, are entitled, upon proper proof of ownership, to object to the continuance of the proceeding." But it will not be necessary to determine which of these con-

[1] Laws 1882, c. 410.                    [2] Not reported.

flicting interpretations of the statute is correct; for, even if the construction be adopted which is most favorable to the objectors, they failed to make out a case which entitled them to have the proceeding discontinued.

A majority in amount of the awards and assessments would be represented by persons interested in the proceeding to the extent of $133,922.93. The learned counsel for the appellant asserts that the objectors were shown to represent $166,395.61 in the aggregate. In this view I think he is mistaken. Three deductions, at least, must be made from his total, and these reduce it to less than the statutory majority. One of the objectors is Mary A. Coleman, who claims to own property upon which the assessments are $4,753.26, and the awards are $18,892.23. This property is mortgaged for $24,000. The interest in the awards, therefore, belongs, not to her, but to the mortgagee, who in this class of cases is presumptively entitled to so much of the award as legally represents the amount of his mortgage. *Astor* v. *Hoyt*, 5 Wend. 603; *In re John and Cherry Sts.*, 19 Wend 657; *Barnes* v. *Mayor, etc.*, 27 Hun, 238. It follows that the appellant has overestimated Mrs. Coleman's interest in this proceeding to the extent of $18,892.23.

There was also claimed for Stephen H. Thayer, another objector, an interest which is stated in the referee's report at $13,018.68, and in Mr. Deering's brief at $10,293.84. There is no competent evidence sufficient to establish the fact that he is interested to the extent of either amount. The claim rests simply on Mr. Thayer's oral statement that he owns certain property between 99th and 100th streets and Third and Fourth avenues. No deed to him is produced; the deed to which reference is made by the counsel for the appellant on the ninth page of his brief being a conveyance, not to Mr. Thayer, but from him. This is very far from being the "proper proof of ownership" which Judge ROOSEVELT must have had in mind in the case already cited, and which should certainly be exacted from claimants not named in the report of the commissioners.

A third objector whose interest is overstated is Eugene T. Lynch. The referee finds him to be the owner of property upon which the assessments amount to $13,512.56. But he had sold a part of this property before the referee took his testimony, and before the final hearing of the motion to confirm the commissioners' report. This, I think, deprived him of any right to object to the continuance of the proceeding, so far as he based his objection upon any alleged interest in the portion thus sold. The statutory majority contemplated by section 990 of the consolidation act must be made up of persons in interest at the time of the coming in of the report of the commissioners and at the time of the hearing of the application for the confirmation thereof. Mr. Lynch does not come within the latter category, so far as a portion of his property is concerned, represented by $6,794.90 of assessments; for, as has already been stated, his interest therein had ceased by reason of the sale thereof before the application to confirm the report came on for a final hearing.

If I am correct in the foregoing views, and the appellant has exaggerated the interest of Mrs. Coleman by $18,892.23, the interest of Mr. Thayer by $10,293.84, (taking the lower estimate,) and the interest of Mr. Lynch by $6,794.90, we have an aggregate of $35,980.97, which, when deducted from $166,395.61, the amount which the objectors claim to represent, leaves only $130,414.64, which is less than the prescribed "majority in amount of the whole assessments and awards." I think there are other objectors who are not proved to be persons interested, within the meaning of the law, to the extent of their claims; but there seems to be no occasion to go further to show that the application to discontinue the proceeding was properly denied on the facts. There is nothing in the point that, because no exceptions were filed to the referee's report, it stands confirmed as a matter of course, and the facts found by him are therefore not open to question. The referee was ordered

simply to take proof of the title of the objectors, and report his opinion thereon. He was not authorized or directed to decide anything, and there is nothing in the order of reference which indicates that the court intended to delegate to him any of the functions devolved upon it by section 990 of the consolidation act. The court simply sought the aid of the referee in taking the necessary testimony, and the benefit of his opinion as to the conclusions of fact to be based upon the proof thus taken; but in so doing it could not deprive itself of its own power to decide the application according to its own view of the facts. The order appealed from should be affirmed, with costs.

All concur.