In re FOSTER AVE. IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   May 3, 1907.)

EMINENT DOMAIN—APPEAL—TIME FOR FILING PAPERS—EXTENSION.

New York City Charter, Laws 1901, p. 417, c. 466, § 988, allows an appeal to the Supreme Court from an order confirming the report of commissioners of estimate and assessment, but provides that such appeal shall not stay the proceedings, except as to the particular parcel of real estate with which the appeal is concerned, and the order confirming the said report shall be deemed final upon all parties who have not appealed. *Held*, that where one of the parties in proceedings to acquire land for the opening of a street did not appeal from the order of confirmation, nor did the city, such party thereafter had no standing to move to vacate an order extending the time of another party who did appeal to print and file her papers on her appeal.

Appeal from Special Term, Kings County.

Application by the city of New York for the acquisition of title for opening a portion of Foster avenue.   The Germania Real Estate Company appeals from orders for motions denying a motion to vacate a judge's order, and a motion to vacate a court order extending the time for the printing and filing of the papers on the appeal of Annie W. Stevens from the order of the Kings Special Term for motions confirming the report of the commissioners of estimate and assessment herein.   Affirmed.

Appeal by the Germania Real Estate Company from orders of the Kings Special Term for motions denying a motion to vacate a judge's order, and a motion to vacate a court order, extending the time for the printing and filing of the papers on the appeal herein to this court from the order of the Kings Special Term for motions confirming the report of the commissioners of estimate and assessment herein.

This was a proceeding by the city of New York to acquire the land in Foster avenue for a street.

The report of awards and assessments by the commissioners of estimate and assessment was confirmed by the court on June 26, 1906. Annie W. Stevens, respondent, one of the landowners to whom an award was made, filed her notice of appeal therefrom to this court on July 16, 1906.   On January 10, 1907, the respondent got an order ex parte from a judge of the Supreme Court extending to February 1st her time to print and file her papers on such appeal.   This appellant made a motion on notice before the court at Special Term to vacate the said order as irregular and void, for not being a court order, which was denied on February 1st, and thereupon, on the same day, the court granted an order ex parte extending such time to

March 1st. The appellant moved before the court on notice to vacate this last order, and one appeal here is by it from the order denying that motion. There is also an appeal here by it from the said order denying the motion to vacate the said judge's order.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Barclay E. V. McCarty (Jared G. Baldwin, Jr., on the brief), for appellant.

Albert Bach (Joseph A. Flannery, on the brief), for respondent.

GAYNOR, J. Section 988 of the city charter (Laws 1901, p. 417, c. 466) allows an appeal to this court within a time limited from an order confirming the report of commissioners of estimate and assessment, but provides that:

"The taking of an appeal by any person or persons shall not operate to stay the proceedings under this act, except as to the particular parcel of real estate with which the appeal is concerned; and the order confirming the said report or reports shall be deemed to be final and conclusive upon all parties and persons affected thereby who have not appealed."

This appellant did not appeal from the order of confirmation within the time limited, nor did the city. The award to it is therefore final and conclusive and has to be paid by the city. It therefore played the part of an intermeddler in moving to vacate the orders extending the time of the respondent to print and file the papers on her appeal from the said order of confirmation, in respect of the award to her, and in appealing from the orders denying its said motions. In any case the brief of its counsel might well have refrained from using such epithets and accusations as "insincere," "positive impertinence," "insincere subterfuge," "snap proceeding" and "incompetence" toward his learned opponent, but all the more so when he is thrusting his client into matters that do not concern it.

The orders should be affirmed. All concur.