In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title for the Widening of Crescent Street and for the Opening of Nott Avenue in the Borough of Queens.

FREDERICK AYER, Appellant; FRANK HINGHER et al., Respondents.

New York (city of) — proceeding to acquire lands for widening a street — assessment of cost thereof upon property deemed to be benefited thereby — when proceedings may not be discontinued upon application of persons assessed for benefit — when proceedings may be attacked.

1. Where in a proceeding under the Greater New York charter (L. 1901, ch. 466, §§ 970–1011) to acquire title to lands for the widening of a street, the board of estimate and apportionment determined that the whole of the cost of the proceeding, including the awards for damages, should be assessed upon the property deemed to be benefited within a prescribed area of assessment, persons so assessed and who object to the confirmation of the report of the commissioners of estimate and the commissioner of assessment, are not entitled as a matter of right to have the proceeding discontinued under section 986 of the charter because they constitute a majority of the persons assessed for benefit. The charter requires "a majority in amount of the whole assessments and awards" for that purpose. The amount of the assessments and the amount of the awards are

to be added together, and the parties who object must represent a sum exceeding one-half of the aggregate thus obtained.   The objecting property owners fail to bring themselves within this requirement.

2. Although the persons assessed for benefit in such proceeding may attack the proceeding for want of jurisdiction or for any other matter appearing on the record before the commissioners which discloses that their rights have been injuriously affected, they have not the absolute right under the charter to adduce before the commissioners expert testimony or other evidence for the purpose of showing that the awards are excessive in amount.

*Matter of City of New York (Crescent St.)*, 170 **App. Div.** 911, affirmed.

(Argued January 12, 1916; decided February 29, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 15, 1915, which affirmed an order of Special Term denying a motion to discontinue the above-entitled proceeding, overruling objections to the reports of commissioners of estimate and assessment and confirming the same.

The order of the Appellate Division recites that " said affirmance of the denial of the petition herein of the appellant and other property owners assessed for benefit to a discontinuance of this proceeding under section 986 of the New York city charter or in lieu thereof for leave to contest the amount of award made herein by the commissioner of estimate, is made as a matter of law and not in the exercise of any discretion nor after considering appellant's evidence of overvaluation or his excuses for not submitting evidence to that effect before said commissioner."

The facts, so far as material, are stated in the opinion

*John Larkin, Ralph S. Hull* and *Alexander S. Andrews* for appellant.   Owners of property assessed for alleged benefit in street-widening proceedings have a right to contest the awards they must pay.   (*Matter of 39th Street*, 1 Hill, 191; *Matter of Cromwell Ave.*,   95

App. Div. 514; 181 N. Y. 549; *Mayer* v. *Mayor, etc.,* 101 N. Y. 284; *Matter of Arnold,* 60 N. Y. 26.) Appellant was entitled to an absolute discontinuance under section 986 of the charter. (L. 1901, ch. 466; *Rouse* v. *Phillips,* 24 N. Y. 463; *Hale* v. *Street,* 40 N. Y. 97; *United States* v. *Fisk,* 3 Wall. 445.)

*Lamar Hardy, Corporation Counsel* (*Joel J. Squier* and *John J. Kearney* of counsel), for city of New York, respondent. The parties assessed, who have joined in a request for a discontinuance of the proceeding, have not complied with the requirements of section 986 of the Greater New York charter. (*Matter of Lexington Ave.,* 15 N. Y. Supp. 865.) Affidavits in opposition to the motion to confirm the reports of commissioners cannot be received or considered by the court. (*Matter of Washington Park,* 1 Sandf. 283; *Matter of Harmon Street,* 16 Johns. 231; *Matter of 11th Avenue,* 49 How. Pr. 208; *Matter of 138th Street,* 60 How. Pr. 290; *Matter of Morningside Park,* 10 Abb. Pr. [N. S.] 338; *Matter of William & Anthony Streets,* 19 Wend. 678; *Matter of Department of Public Parks,* 53 Hun, 280; *Matter of Lexington Avenue,* 45 N. Y. S. R. 884; 133 N. Y. 673; *Matter of Board of Water Commissioners* v. *Shutts,* 25 App. Div. 22; *Matter of Trinity Avenue,* 81 App. Div. 215; *Matter of Town of Guilford,* 85 App. Div. 207; *Matter of Addition to Crotona Park,* 142 App. Div. 665; *Matter of Willis Avenue Bridge,* 148 App. Div. 644; *Matter of Mayor, etc.,* 99 N. Y. 570.)

*Francis P. O'Connor, Edward W. Murphy* and *Edward C. McParlan* for Frank Hingher et al., respondents. Appellant Ayer has not an absolute right to a hearing or to call witnesses and offer testimony on the question of value and damage, as he owns no property taken and is not a party or person interested within the meaning of section 970 of the Greater New York charter

as amended. (*Matter of City of New York*, 150 App. Div. 223; 142 App. Div. 721; *Matter of City of New York*, 151 App. Div. 725; *Matter of Bankers' Ins. Co.*, 141 App. Div. 591; *People ex rel. Griffin* v. *Mayor of Brooklyn*, 4 N. Y. 419; *Brewster* v. *City of Syracuse*, 19 N. Y. 118; *Matter of Application of Van Antwerp*, 56 N. Y. 261; *Genet* v. *City of Brooklyn*, 99 N. Y. 296; *Matter of Tuthill*, 163 N. Y. 133; *Matter of City of New York*, 190 N. Y. 350; *Bohm* v. *Met. El. Ry. Co.*, 129 N. Y. 576.) Appellant Ayer is not entitled to a discontinuance of the proceeding. (*Matter of Comr. of Pub. Works*, 99 N. Y. 683; *Matter of West 128th St.*, 82 Hun, 580; 148 N. Y. 764; *Matter of Lexington Ave.*, 15 N. Y. Supp. 865.) The courts below have not erred in refusing to consider affidavits of the character offered herein in opposition to the motion to confirm the report. (*Matter of City of New York*, 142 App. Div. 665; *Matter of Town of Guilford*, 85 App. Div. 207; *Matter of Board of Water Commissioners* v. *Shutts*, 25 App. Div. 22; *Matter of Mayor, etc., of N. Y.*, 99 N. Y. 570.)

Willard Bartlett, Ch. J. This is a proceeding under title 4 (§§ 970 to 1011) of chapter XVII of the Greater New York charter to acquire title to lands for the widening of a street in the borough of Queens. The board of estimate and apportionment duly determined that no portion of the cost of said proceeding should be borne by the city of New York, but that the whole of such cost including the awards for damages should be assessed upon the property deemed to be benefited thereby within a prescribed area of assessment. The appellant has been assessed for benefit. He contends upon this appeal (1) that he, together with other property owners similarly assessed, has unlawfully been deprived of a right to have the proceeding discontinued under section 986 of the Greater New York charter, and (2) that he has unlawfully been denied the right conferred upon him by section

981 of the Greater New York charter to be heard by the commissioners of estimate and the commissioner of assessment to contest the amount of the awards which have been made in the proceeding.

I will first consider his claim to a discontinuance as a matter of right. This is based upon section 986 of the charter, which provides that upon the hearing of the application for the confirmation of the report of the commissioners of estimate and the commissioner of assessment "if persons who appear by the said report to be interested, either by assessment for benefit or award for damages, to the amount of a majority in amount of the whole assessments and awards, shall appear and object to further proceedings upon the said report, the court shall order the proceeding to be discontinued." It appeared before the Special Term that a majority of the persons assessed for benefits, to wit, to the extent of $97,931.51, opposed the confirmation of the report and objected to further proceedings thereon; but according to the plain meaning of the statute this did not entitle them to a discontinuance. The charter required "a majority in amount of the whole assessments and awards." This clearly contemplates that the amount of the assessments and the amount of the awards are to be added together, and that the parties who object must represent a sum exceeding one-half of the aggregate thus obtained in order to entitle them to have the proceeding discontinued. The aggregate of the awards and assessments was $270,993.30, one-half of which is $135,496.65. As the objecting property owners represented only $97,931.51 this did not suffice to bring their application within the terms of the statute. A precisely similar provision in the New York City Consolidation Act (Laws of 1882, chap. 410, § 990) was before the General Term of the first department in *Matter of Board of Street Opening, Lexington Ave.* (15 N. Y. Supp. 865), and it was assumed in the opinion that "a majority in amount of the whole assessments and awards"

meant a sum exceeding one-half of the combined awards and assessments. I think the courts below were clearly right in holding that the applicants had not established a status which enabled them to force a discontinuance of the proceeding.

The right of the appellant, a property owner assessed for benefit, to question the amount of the awards before the commissioners was denied at Special Term as matter of law.

This ruling presents two questions: (1) Has a person assessed for benefit in a proceeding of this character the right to attack the awards at all ; and (2) if he has such right may he present before the commissioners evidence outside the record tending to show that the awards are excessive ?

When the acquisition of title to lands for street purposes is duly authorized by the board of estimate and apportionment, under the Greater New York charter, it becomes the duty of the corporation counsel to institute a proceeding therefor and to give notice of an application to the Supreme Court " for the appointment of *commissioners of estimate,* or, *of assessment* or *both.*" It depends upon whether the city is to pay the entire expense of the proceeding or whether the expense is in whole or in part to be assessed upon property specially benefited whether both *commissioners of estimate,* and a *commissioner of assessment* are to be named. Upon such application three discreet and disinterested persons are to be appointed *commissioners of estimate* and one of such commissioners of estimate, *commissioner of assessment* in said proceeding. (Charter, § 973.)

After notice as provided by the charter " at the time and place fixed by said notice, * * * said commissioners shall *hear such owners and examine the proof of such claimant or claimants* or such additional proof and allegations as may then be offered by such owners, *or on behalf of the city of New York.*" (Charter, § 978.)

It is further provided that *"After hearing such testimony and considering such proofs as may be offered,* the commissioners of estimate or a majority of them, &ast; &ast; &ast; shall, without unnecessary delay, ascertain and estimate the compensation which ought justly to be made by the City of New York to respective owners, &ast; &ast; &ast; and the *commissioner of assessment* shall make a just and equitable estimate and assessment, also, of the value of the benefit and advantage of such improvement to the respective owners, lessees, parties and persons respectively entitled unto or interested in the lands, tenements, hereditaments and premises, not required for the said improvement, and all of said *commissioners of estimate* and the *commissioner of assessment* shall prepare separate abstracts of their estimate and assessment." (Charter, § 980, as amd. L. 1906, ch. 658.)

The commissioners are required to deposit their reports at the same time and at least twenty days before their respective reports shall be presented to the court for confirmation.

" They shall also publish a notice for fifteen days &ast; &ast; &ast; stating their intention to present their reports for confirmation to the said court at a time and place to be specified in said notice, provided there be no objection to either of said abstracts, and also that all persons interested in such proceedings, or in any of the lands affected thereby, having any objection thereto, shall file the same, in writing, duly verified, with said commissioners within twenty days after the first publication of said notice, and that the said commissioners will hear parties so objecting at a place and at a time after the expiration of said twenty days, to be specified in said notice. Similar notice for at least ten days shall be given of any new, supplemental or amended abstracts, but said abstracts shall be refiled for ten days only for objections thereto. At the time and place named in said notice the said commissioners shall hear the person or persons who have objected to the said

abstracts, and who may then and there appear, and shall have the power to adjourn from time to time until all such persons shall be fully heard." (Charter, § 981, as amd. L. 1906, ch. 658.)

After considering the objections, if any, and making any corrections or alterations of their estimate for damages or assessments for benefit that they shall find to be just and proper, the commissioners shall, respectively, file their final report. (Charter, § 984.)

Upon the application to the court for confirmation "the said court shall by rule or order, *after hearing* any matter which may be alleged against the same, either confirm the said report or reports in whole, or in part, or refer the same, or a part thereof, to the said commissioners for revisal and correction, or to new commissioners, to be appointed by the said court to reconsider the subject-matter thereof." (Charter, § 986, as amd. L. 1906, ch. 658.)

The appellant filed with the commissioners objections to the assessments imposed upon the lots owned by him upon the ground, among other things, that they included items for awards erroneously allowed. No evidence, however, was submitted to the commissioners in support of these objections. The appellant sought to excuse his default in this respect, but these excuses the Special Term evidently deemed insufficient; and the order of the Appellate Division shows that the sufficiency of his excuses were not passed upon by that court and that it affirmed the order of the Special Term solely on the grounds, *first*, that the appellant had not made out a case for a discontinuance as a matter of law, and, *secondly*, that he was not entitled in any event to contest the amount of the awards made by the commissioner of estimate.

The respondents who have received awards in this proceeding deny that a party assessed for benefit can be heard to question the amount of the awards. The learned judge at Special Term held with them in this respect and

the Appellate Division has taken the same view of the law.   I think a person assessed for benefit may attack the awards before the commissioners so far as they are assailable upon the record of the commissioners' proceedings, but may not introduce other evidence to show that the awards are excessive.   In *Matter of Thirty-ninth Street, New York* (1 Hill, 191, 194, 195) a motion was made for the confirmation of a report of commissioners of assessment. The motion was opposed by two parties who had been assessed for benefit, each claiming that a substantial award made by the commissioners should have been only nominal because the party to whom the award was made had already dedicated his land to the public for street uses. The objections were sustained by the court, which said as to one of the pieces taken: "Mr. Astor was only entitled to a nominal sum; and those who have been assessed for benefit have a right to complain;" and as to the other: "The commissioners erred in allowing Norton anything beyond a nominal sum; and Adriance, who has been assessed for benefit, has a right to complain of their decision. It has enhanced the burden which falls on him."

It is evident that the question involved in the case cited was not so much the amount of the awards as the question whether the parties to whom they had been made were entitled to any awards at all.   The decision that they were entitled to merely a nominal sum was equivalent to holding that they were entitled to nothing.

Considering all the provisions of the charter which have been summarized, I find nothing therein which confers upon persons assessed for benefit the absolute right asserted herein in behalf of the appellant to adduce before the commissioners expert testimony or other evidence for the purpose of showing that the awards are excessive in amount.   On the other hand they have a status in the proceeding which authorizes them to attack it for want of jurisdiction or for any other matter appearing upon the record before the commissioners which discloses that

their rights have been injuriously affected.   To hold that they might go into proof of the excessiveness of the awards would subject the parties receiving awards to an intolerable burden; for in that event every person assessed for benefit might assail every award as excessive and practically compel a trial of that issue before the commissioners.   Thus we should have as many separate issues as there were separate awards.   The awards are made in the exercise of the power of eminent domain and the city represents the state in the proceeding.   It is the bounden duty of the corporation counsel acting for the city to see to it that the awards made by the commissioners are not excessive; and the legislature doubtless assumed that the discharge of his duty in that respect would prevent any injustice being done as to the parties assessed for benefit who by the exercise of the power of taxation would ultimately be compelled to pay the awards.

If the record showed that the appellant had been denied any other right except that of adducing testimony before the commissioners to establish that the awards were excessive he would be entitled to a reversal on this branch of the appeal, but inasmuch as this is his sole claim and we think that he has no such absolute right it follows that the order appealed from should be affirmed, with costs.

CHASE, COLLIN, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Order affirmed.