In the Matter of the City of New York, Respondent, Relative to Acquiring Title to Real Property from James Street to Other Streets in the Borough of Manhattan. Gramercy 20th St. Corp. et al., Intervenors-Appellants.

First Department, January 26, 1967.

*Eugene J. Morris* of counsel (*Edward V. Loughlin* and *Robert D. Levin* with him on the brief; *Demov & Morris,* attorneys), for intervenors-appellants.

*Milton H. Harris* of counsel (*Alfred Weinstein* and *Robert D. Joyce* with him on the brief; *J. Lee Rankin, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* These are three appeals by intervenors-assessees as follows: (1) an appeal from an order entered May 5, 1965, denying the motion of intervenors-assessees to dismiss the proceeding for lack of prosecution; (2) an appeal from the final decree in this proceeding entered May 31, 1966, and (3) an

appeal from so much of an order entered July 28, 1966, as denied the motion of intervenors-assessees to delete the award of interest to petitioner City of New York.

This is an assessable condemnation proceeding instituted in 1955 in which City of New York (City) is both condemnor and condemnee. By act of the Legislature (L. 1955, ch. 657) the Administrative Code of the City of New York was amended by adding thereto a new section, section I41–6.7. This section authorized the Board of Estimate " to acquire by condemnation as an assessable improvement   *   *   *   the right to demolish and remove " certain designated elevated railroad structures. It was also provided that local areas benefited might be assessed but not in " an amount greater than the value of the right to impair easements of light, air and access which the city shall acquire the right to extinguish therein " (L. 1955, ch. 657). Pursuant to the power conferred an order of condemnation was subsequently entered, and on July 31, 1955 title was transferred from the City as condemnee to the City as condemnor.

The intervenors-assessees were " owners " of realty within the local area of benefit and by order entered January 24, 1956 were granted leave to intervene in this proceeding. The term " owners " is used for convenience, the City contending that the parties are not " owners " within the meaning of section B15–1.0 of the Administrative Code, and accordingly were without standing to move to expedite the proceedings under section B15–33.0 of the Administrative Code. In light of our disposition there is no need to discuss the point at any length.

Considerable delay ensued on the part of the City in bringing this matter to a conclusion. As a result intervenors-assessees in 1965 moved to dismiss for failure to prosecute. That motion was denied but the City was directed to notice the proceeding for trial at the September 1965 Term of the court. On this appeal from such order entered May 5, 1965, the order appealed from should be affirmed, without costs or disbursements to either party. Under the facts and circumstances of this case, the background and unusual nature of this proceeding, the court properly denied the motion.

After a hearing in which only the City was permitted to offer evidence the court rendered an opinion and directed entry of a tentative decree. In that initial proceeding the court did not permit participation by or on behalf of the intervenors-assessees. This ruling was correct (*Matter of City of New York* [*Crescent St.*], 217 N. Y. 294; *Matter of City of New York* [*Harrison Ave.*], 267 N. Y. 64; *Matter of City of New York* [*Sixth Ave. El. R. R.*], 265 App. Div. 200).

After the filing and publication of the tentative decree a further hearing was held in which objections were properly filed on behalf of New York Life Insurance Company (Administrative Code, § B15–22.0). An appearance was sought to be entered for the other five appellants before us. The court, however, permitted an appearance only for the client (New York Life) for which counsel had filed verified objections (Administrative Code, § B15–22.0).

Subsequently the court rendered its opinion and directed entry of the final decree. In such final decree an assessment was made upon the local area of assessment, the Borough of Manhattan and the City of New York as authorized by the resolution of the Board of Estimate adopted June 23, 1955. It is from the final decree entered May 31, 1966, that appeal is taken.

Decree so far as appealed from by New York Life Insurance Company unanimously affirmed, under constraint of the so-called "Spur case" (*Matter of City of New York* [*Manhattan Ry. Co.*], 229 App. Div. 617, 628 [1930]; 238 App. Div. 832, affd. 265 N. Y. 170, affd. *sub nom. Roberts* v. *New York City*, 295 U. S. 264), with costs and disbursements to respondent. Appeals of intervenors-assessees-appellants other than New York Life Insurance Company are dismissed on the law (Administrative Code, § B15–22.0, cf. § B15–25.0; *Matter of City of New York* [*Foster Ave.*], 119 App. Div. 491), without costs or disbursements. It is felt that the case cited is compelling authority and virtually mandates such disposition unless or until the Court of Appeals rules otherwise. For that reason arguments of appellant, of seeming merit, must be rejected.

Order entered July 28, 1966 appealed from, which denied appellants' motion to delete the award of interest to City, should be affirmed, without costs or disbursements to either party (see Administrative Code, §§ B15–23.0, B15–28.0).

Botein, P. J., Stevens, Tilzer and McNally, JJ., concur.

Order entered May 5, 1965, unanimously affirmed, without costs or disbursements.

Decree unanimously affirmed, etc.

Order entered July 28, 1966, unanimously affirmed, without costs or disbursements. Settle order on notice. [See 27 A D 2d 715.]